AUGUSTUS PULLIS *et al.*, Appellants, v. HUGH L. FOX, Garnishee of STEPHENSON WOODS, *et al.*, Respondents.

St. Louis Court of Appeals, November 19, 1889.

Garnishment. A debt due to a partnership cannot he reached by garnishment on a writ of execution against one of its members.

*Appeal from the St. Louis City Circuit Court.*—HON. D. D. FISHER, Judge.

AFFIRMED.

*Henry Boemler*, for the appellant.

Where the garnishee claims that the moneys of the judgment debtor, which he admits are in his hands, are affected by a trust, the *onus* is on him to show the trust. *Frank v. Frank*, 6 Mo. App. 588. It would be necessary for the defendant to show that the partnership (if any) extended to this contract for which the money is due. *Webb v. Liggett*, 6 Mo. App. 345.

*M. F. Taylor* and *R. L. McLaran*, for the respondent.

If the debtor could not alone sue the garnishee on the debt, then the garnishee cannot be held liable for a debt due from him to the debtor and another. *Kingsley v. Clay Co.*, 14 Mo. 465; *Firebaugh v. Stone*, 36 Mo. 111; *McDermott v. Donnegan*, 44 Mo. 85; *Sheedy v. Bank*, 62 Mo. 17; *Ellison v. Tuttle*, 26 Tex. 283; Drake on Attach. [6 Ed.] sec. 672. One partner's interest in partnership property is not subject to garnishment on execution. *Bertwhistle v. Woodward*, 17 Mo. App. 277; *Fenton v. Block*, 10 Mo. App. 536; *Church v. Knox*, 2 Conn. 514; 1 Chitty's Plead. 8-11.

ROMBAUER, P. J., delivered the opinion of the court.

The plaintiffs recovered judgment against Stephenson Woods and John W. Barns, and, upon an execution issued thereon, caused Hugh L. Fox to be summoned as garnishee of said Woods and Barns. At the return of the garnishment, the plaintiff filed interrogatories asking the garnishee to disclose any indebtedness on his part to Barns, one of the defendants. The garnishee answered, stating that he owed J. W. Barns nothing, but that he did owe to the firm of J. W. Barns & Co. $1650.50. The plaintiffs denied that the garnishee owed this money to the firm of J. W. Barns & Co., and asserted that the debt was due to J. W. Barns individually. The garnishee took issue by reply.

Upon the hearing the plaintiffs called the garnishee as a witness, who stated that he made an oral contract with J. W. Barns & Co., a firm composed of J. W. Barns, the defendant, his son. and two other persons, to superintend the erection of a building, and that the $1650.50, above mentioned, was the balance due by him on that contract. That he made payments by checks to

J. W. Barns & Co., and all receipts given to him were given in that firm name. Upon this, which was in substance all the evidence adduced, the court rendered judgment in favor of the garnishee.

It was decided in *Sheedy v. Second National Bank, Garnishee*, 62 Mo. 17, 22, that an indebtedness due to a firm cannot be seized on process against an individual member of the firm, and consequently one cannot be held as garnishee, upon process against an individual member, by reason of his indebtedness to the firm. Such has ever since been the law of this state. The issue in these cases is formed by the denial and reply. When the plaintiffs asserted in their denial that the indebtedness was one due to J. W. Barns individually, it became incumbent upon them to prove that fact. Having failed to do so, they cannot recover against the garnishee.

The plaintiffs assert the law to be, that where the garnishee claim that the moneys of the judgment debtor, which he *admits* are in his hands, are affected by a trust, the *onus* is on him to show the trust, and cite in support *Frank v. Frank*, 6 Mo. App. 588. That rule has no application, where the garnishee, as in the case at bar, *denies* any indebtedness to the defendant in the execution, although he admits a joint claim of the defendant and others against him. In such case the garnishee's answer is evidence in his favor until disproved.

The garnishee claims an allowance for expenses incurred in this court, but submits no evidence in support of the claim. In conformity with our former practice in similar cases, he will be allowed twenty-five dollars for his expenses in this court.

With the concurrence of all the judges, it is ordered that the judgment of the trial court be affirmed, and judgment be entered in this court in favor of the garnishee for twenty-five dollars.