THE STATE OF MISSOURI ex rel. M. M. STEVENSON et al., Relators, Respondents, v. JOHN B. HUGHES, Justice of the Peace, etc., Appellant.

**Kansas City Court of Appeals, February 1, 1909.**

1. **APPELLATE PRACTICE: Assignment of Error: Statute: Rules.** The statute requiring the assignment of errors having been repealed, rule seventeen of the Kansas City Court of Appeals is no longer in force.

2. **GARNISHMENT: Change of Venue: Execution: Process: Jurisdiction.** A garnishment proceeding is not a new suit but an incident to obtaining satisfaction on a judgment already rendered, and the garnishee must answer in the court whence the execution issues since it alone has exclusive control over its own process and the garnishee is not entitled to a change of venue.

Appeal from Pettis Circuit Court.—*Hon. Louis Hoffman,* Judge.

REVERSED.

W. M. *Illgenfritz* and *Vieregg & Grover* for appellees.

(1)   The judgment of the circuit court should be affirmed for the reason that there have been no errors assigned in appellant's brief, the appellant thereby failing to comply with rule seventeen of this court. Rule seventeen of the Kansas City Court of Appeals; Corrigan v. Kansas City, 93 Mo. App. 173; Isaac v. Lumber Co., 47 Mo. App. 30; Clark v. Hill, 69 Mo. App. 541; Bauer v. School District, 78 Mo. App. 442. (2)   Garnishment proceedings is a civil cause and in garnishment proceedings, therefore, either party is entitled to a change of venue upon making the proper application therefor.    For this further reason the judgment of the circuit court should be affirmed. Drake on Attachments, sec. 452; Meints v. Mill Company, 89 Ill. 48; 2 Shinn on Attachments, sec. 466; Moore v. Stainton, 22 Ala. 831; R. S. 1899, secs. 3972, 3973; Washington v. Superior Court, 82 Pac. 875, 2 L. R. A. (N. S.) 568; Martin v. Railway, 50 Mo. App. 428; Giette v. McGannon, 74 Mo. App. 209; Weil v. Taylor, 38 Mo. 545; Ritter v. Insurance Co., 28 Mo. App. 140; Wilson v. Railway, 108 Mo. 588. (3) Change of venue in garnishment proceedings is not prematurely asked for before the answer to interrogatories are filed.   R. S. 1899, secs. 3972, 3973, 3936, 3937; Weber v. Cummings, 39 Mo. App. 518; Ritter v. Insurance Co., 28 Mo. App. 140; Lloyd v. Clayton, 34 Mo. App. 563; State v. McCracken, 60 Mo. App. 650; Wickersham v. Jarvis, 2 Mo. App. 279; 20 Cyc., secs. 1039, 1054, 1074.   (4)   Mandamus issues from a circuit court to compel a justice of the peace to grant a change of venue when he refuses to do so, the proper application having been made.   Lloyd v. Clayton, 34 Mo. App. 563; State v. McCracken, 60 Mo. App. 650.

*E. C. White* and *Anamosa & England* for respondent.

(1)  Mandamus will not lie to compel a justice of the peace to grant a change of venue to a garnishee, before the garnishee has filed his answer in the court whence the execution issued, and the answer of the garnishee has been denied by the judgment creditor, for the reason, that is has long been held that a garnishee must make its answer in the court whence the execution issued, it having exclusive control over its process.  Chicago Herald Co. v. Bryan, 195 Mo. 596; Spengler v. Kaufman, 43 Mo. App. 10; Tinsley v. Savage, 50 Mo. 142; Miller v. Bartlett, 89 Mo. 134; Gilbert v. Renner, 95 Mo. 151.  (2)  Relators having failed to file their answers in the court from whence the execution issued, no issues were before the court for determination, and until issues were joined between the garnishees and the judgment creditor, as prescribed by statute, the court had no authority under the law to grant the garnishees a change of venue.  R. S. 1899, sec. 3451; R. S. 1899, sec. 3467; Dodge v. Knapp, 112 Mo. App. 513.  (3)  The general provision of the statutes concerning the granting of a change of venue, does not apply to a garnishment proceeding, until the answer of the garnishee has been filed with the court whence the execution issued, etc.  Chicago Herald v. Bryan, 195 Mo. 590.

BROADDUS, P. J.—This is a proceeding by mandamus instituted in the circuit court to compel the defendant, a justice of the peace, to grant a change of venue.

The case was tried on an agreed statement of the facts as follows:

"It is agreed that the respondent, John B. Hughes, is a justice of the peace within and for Cedar township, Pettis county, Missouri; that on the 12th day of De-

cember, 1905, there was rendered a judgment in said justice court in which E. C. White was plaintiff and W. Mack Pope was defendant for $79.93; that there was issued by the justice on said judgment an execution and delivered into the hands of John J. Jeckels, constable of Cedar township; that said constable on said execution summoned the relators, M. M. Stevenson and the Stevenson Packing Company, garnishees, and attached in their hands all moneys, goods, and effects belonging to the defendant, W. Mack Pope, which garnishment was served on the 3rd day of January, 1908, and that the relators were summoned and notified to answer interrogatories on said garnishment proceedings before said justice of the peace on the 15th day of January, 1908; that thereafter, on the 14th day of January, 1908, the relators filed a written application for a change of venue, which it is admitted the attached application was duly served and otherwise in regular and due form of law; that the respondent, the justice of the peace, refused and declined to grant said change of venue upon the ground it was prematurely filed and that the justice of the peace had no power to grant a change of venue until after the relators had answered the interrogatories of the plaintiff, E. C. White, in said execution and a denial filed of said answer by said E. C. White, the plaintiff in the suit above mentioned. It is further admitted that there was no denial filed to the answer of the garnishee and that the garnishee filed no reply to said denial." On the hearing, the court awarded a peremptory writ and the justice appealed.

The relators claim that the appeal should be dismissed for the failure of respondent to tender assignment of errors. As the statute requiring such assignments has been repealed, Rule Seventeen of this court is no longer in force.

The appeal raises the question whether a change of venue in justice's courts in garnishment proceedings

is allowable either before or after the filing of answer to the interrogatories. We think not. "Garnishment is one of the modes pointed out by the statute by which the writ is executed and is not a new suit, but an incident or an auxiliary of the judgment and a means of obtaining satisfaction of the same by reaching the defendant's credits. The garnishee must make his answer in the court where the execution issues, as it alone has exclusive control over its process." [Tinsley v. Savage et al., 50 Mo. 141.] "The garnishee must make his answer in the court whence the execution issues, it alone has exclusive control over its process." [Chicago Herald Co. v. Bryan, 195 Mo. l. c. 596.]

These authorities are conclusive of the question. We have examined relators' authorities, but find that they do not militate against those referred to; and, if they did, they would be in conflict with the late decision of the Supreme Court, supra.

For the reason given, the cause is reversed. All concur.