JOSEPH WILSON *vs.* HORACE D. LEWIS.

The city treasurer of the city of Providence was served with a copy of a writ for the pur-
pose of attaching any personal property of the defendant in the hands and possession of
said city, under the provisions of chap. 183 of the Revised Statutes. *Held,* that the
service was valid, a municipal corporation not being exempt from trustee process.

ACTION OF DEBT, on a judgment of court for $161.29,
brought at the December Term, 1871, of the Court of Common
Pleas for this county. Service of the writ was made by garnish-
ment of the city of Providence for money due the defendant as a
sergeant in the police force of the city. The city by its treas-
urer filed an affidavit admitting an indebtedness, and moved the
court at its said December Term to discharge the garnishee, on
the ground that the city was not liable to garnishee process. The
motion having been there denied, now came before this court on
appeal.

*Parkhurst,* for the garnishee, in support of the motion. I. It
is against public policy to hold a municipal corporation liable to
garnishment, because it is an unnecessary interference with the
operations of municipal government. *Bradley* v. *Richmond,* 6
Vt. 121 ; *Hamilton* v. *St. Louis,* 11 Misso. 59 ; *Fortune* v. *St.
Louis,* 23 Misso. 239 ; *Baltimore* v. *Root,* 8 Md. 95 ; *Mobile* v.
*Rowland,* 26 Ala. 498 ; *Burnham* v. *Fond du Lac,* 15 Wis. 193 ;
*McDougal* v. *Hennepin County,* 4 Minn. 184 ; *Egerton* v. *Third
Municipality,* 11 La. Ann. 435.

II. The city treasurer, upon whom the writ was served, is a
public officer, whose duties are prescribed by law and the ordi-
nances of the city.

III. The defendant is also a public officer, and is bound to the
performance of certain duties specified in the statutes, the ordi-
nances of the city, and the rules of the board of aldermen. See
acts of the general assembly and ordinances of the city council,
providing for the appointment of police officers, &c., and city
charter (chap. 598 of the Statutes), section viii. clause 1.

IV. No person, deriving his authority from the law, and
obliged to execute it according to the rules of law, can be charged
as a garnishee in respect of any money or property held by him
by virtue of that authority. *Chealey et al* v. *Brewer & Trustee,*

7 Mass. 259 ; *Brooks* v. *Cook & Trustee*, 8 Mass. 246 ; *Colby* v. *Coates et al.* 6 Cush. 558 ; *Thayer* v. *Tyler & Trustee*, 5 Allen, 94 ; *Buchanan* v. *Alexander*, 4 How. (U. S.) 20 ; *Averill* v. *Tucker*, 2 Cranch C. C. 544 ; *Stillman* v. *Isham*, 11 Conn. 124 ; Drake on Attachment, chap. xxii. and cases cited.

*Miner & Cobb*, for the plaintiff, *contra*. I. By the general law, a municipal corporation may be garnisheed. *Whidden* v. *Drake*, 5 N. H. 13 ; *Bray* v. *Wallingford*, 20 Conn. 416 ; *Wales & Son* v. *City of Muscatine*, 4 Iowa, 302.

II. By the statute law of Rhode Island (Rev. Stat. cc. 125, § 1, 183, § 6, and Statutes, chap. 858, § 2), all corporations, unless otherwise provided, can sue and be sued, and be garnisheed, and no exception is made as to municipal corporations. Such corporations are in all respects liable as other corporations, unless otherwise provided.

BRAYTON, C. J. The city of Providence, who have been served by their treasurer with a copy of the writ for the purpose of attaching any personal property of the defendant in their hands, and who have by their treasurer disclosed upon oath that they have moneys in their hands belonging to the defendant, moved the court below that they might be discharged as garnishees, and that court upon hearing refused to make such order. An appeal has been taken to this court. In support of that motion, the city say that they are not liable to garnishment ; and although all other corporations and bodies corporate are liable to be served and held as garnishees, municipal corporations are not within the act, and are, from motives of public policy, impliedly excepted.

The language of this act seems to us sufficiently clear to include within its provisions every corporate body within the state which has property of another, a defendant, lodged in or lying in its hands, as agent, factor, trustee, or debtor. It provides the manner in which service shall be made upon a bank, by leaving a copy with the cashier thereof ; upon an insurance corporation, with the president or secretary thereof ; and upon any other corporate body, with the treasurer or person exercising the duties of treasurer thereof.

By section 11, any body corporate so served is required to give an account of the property it had in its hands ; and by section 14

Wilson *v.* Lewis.

the account is to be rendered in case of incorporated companies, if a bank, by the cashier; if an insurance company, by its president or secretary; and any other corporate body by its treasurer, or person who exercises the duties of treasurer. There is no exception of municipal corporations. They are bodies corporate. The inhabitants of every town and city are declared to be " a body corporate " in the very terms of this act. The preamble of the original act passed in 1744 was this : " Whereas it often happens that persons indebted remove or dwell out of the colony, or conceal themselves therein, so that neither their bodies can be arrested, nor their estate attached in the ordinary method of the law." It states clearly the purpose and intent of the provision then made, and ever since continued upon the statute book. It was to subject to this process every kind of personal property of an absent debtor within the state, and to apply it to the payment of his debts, and to try by this proceeding to reach all such personal property as could not be attached by any of the then modes of the law, that a debtor should have no property within the state which he could keep from his creditors, and it was intended to include all debts due him within the state.

Were the construction of this act at all doubtful, we might perhaps be aided by the cases which have been cited, which hold that the policy of the law should exempt municipal corporations, as interfering with their duties to the public and the operations of the municipal government. Such a policy is clearly against the scope and purposes of this act as disclosed by the preamble referred to, and by the clear and explicit language of the various provisions of the act itself. If money, or other property, or debts in the hands of a municipal corporation can be thus locked up from his creditors, to that extent the purpose of this act would be defeated. It is no objection to this view that the copy for the purpose of serving the corporation is left with the treasurer, or that he is a public officer. The service is not upon him, but upon the body corporate, though as its servant he is bound to render account, not of anything in his hands as an individual, but of the property in the hands of the corporation. The cases therefore referred to where the public officer is the garnishee are not pertinent to the question before us. We think a municipal corporation is not exempt from the process.          *Motion denied.*