FARROW and KNOX, Trustees, *vs.* FREDERICK H. DUTCHER.

A. caused B. to be arrested on a writ on which was endorsed the affidavit required by Gen. Laws R. I. cap. 252, § 11,[1] excepting that the words "that is due" were omitted. Defendant moved to be released from arrest, and that the writ be quashed, which motions were overruled. Plaintiff moved, and was allowed, to amend the affidavit by inserting the omitted words.

*Held,* that the amendment ought not to have been permitted. *Hudson* v. *Fishel,* 17 R. I. 69, distinguished from the present case.

An affidavit on which the right to arrest is based must be strictly complied with, or the arrest will be unlawful.

Such an affidavit is not to be regarded as part of the process, but as a condition authorizing the service in a particular way.

---

[1] SEC. 11. An original writ commanding the arrest of any person not exempt by law from arrest, may be issued from the common pleas division of the supreme court, or from any district court, . . . . . . . . . . . . . . . . .

*Third.* Whenever the plaintiff in an action to be commenced by such writ, his agent or attorney, shall make affidavit, to be endorsed thereon or annexed thereto, that the plaintiff has a just claim against the defendant, that is due, upon which the plaintiff expects to recover in the action commenced by such writ a sum sufficient to give jurisdiction to the court to which such writ is returnable ; and also, either that the defendant to be arrested is about to leave the State without leaving therein real or personal estate whereon an execution that may be obtained in such action can be served, or, that the defendant to be arrested has committed fraud (in fact involving moral turpitude or intentional wrong) either in contracting the debt upon which the action is founded or in the concealment of his property or in the disposition of the same.

EXCEPTIONS to rulings of a district court.

*February* 16, 1897. PER CURIAM. We are of the opinion that the District Court of the Fourth Judicial District erred in permitting the affidavit on the back of the writ, which is a condition precedent to the service of the writ by arrest, to be amended by the insertion of the words, after the word "claim," "that is due." The plaintiffs contend that the insertion of these words did not materially alter the meaning of the affidavit, but that they were implied in the statement that the plaintiff has "a claim on which he expects to recover in the action." We do not assent to this argument. The framers of the statute, for good reason no doubt, saw fit to require, in addition to the other statements, the statement that the claim is due, and we see no reason for dispensing with the allegation. As the affidavit is the foundation on which the right to arrest is based, it must be strictly complied with, or the arrest is unlawful. *Spice* v. *Steinruck*, 14 O. St. 213, (219); *Whiting* v. *Trafton*, 16 Me. 398; *Probate Court of Hopkinton* v. *Lanphear*, 14 R. I. 291.

The plaintiffs rely, in support of the right to amend, on *Hudson* v. *Fishel*, 17 R. I. 69, contending that the affidavit on the back of a writ is a part of the process that, under the broad powers of amendment given by statute, is amendable. It is true that in that case the court suggests the query whether the affidavit might not be regarded as part of the process, but it does not so hold. We think that it is not to be regarded as a part of the process, but rather as a condition authorizing the service of process in a particular way, i. e. by arrest. The defect in *Hudson* v. *Fishel* consisted in the omission of the official title of the magistrate, before whom the affidavit was made, from his certificate of the administration of the oath. Everything which the law required had in fact been complied with in that case, the magistrate being a magistrate at the time of administering the oath. It is evident, therefore, that the case was very unlike the case at bar, and we do not think that it constitutes an authority in support of the plaintiff's position.

Exceptions sustained, and case remitted to the District

Court of the Fourth Judicial District with direction to quash the writ and dismiss the suit.

*John J. Arnold*, for plaintiff.

*Job S. Carpenter*, for defendant.