JOSHUA C. TUCKER, Jr., *vs.* ROBERT A. POLLOCK.

WASHINGTON—MAY 20, 1899.

21 317
21 469

PRESENT: Matteson, C. J., Stiness and Tillinghast, JJ.

(1) *Contracts with Agents of State. Principal and Agent. Trustee Process.*

The R. I. College of Agriculture and Mechanic Arts was a State institution; the title to its property was in the State, the board of managers, in whom was vested the control of the college, being made a corporation by statute.

The General Assembly made an appropriation for the erection of certain buildings on the college grounds, said appropriation to be expended under the direction of the board of managers, and authorized the State auditor to draw his order on the general treasurer from time to time for the payment of the same, upon proper vouchers approved by the board.

The latter made a contract in its own name under seal with A. to do the work, and the latter having, in pursuance of the contract, performed the work, in an action brought by B. against A., the personal estate of A. was attached in the hands of the board of managers :—

*Held,* the board of managers, although made a corporation, was but the agent of the State to carry out the purposes of the General Assembly in connection with the establishment and maintenance of the college.

*Held,* further, the terms of the resolution appropriating the money showed that there was no money in the hands or possession of the garnishee at the time of the service of the writ upon it, and that it was only acting as agent of the State.

*Held,* further, irrespective of its terms, in the making of the contract the board was acting under and solely by virtue of a public law of the State, of which the plaintiff was bound to take notice.

*Held,* further, the debt which B. attempted to attach was a debt due from the State to A. for which A. could have maintained no action against the State or said board, as its agent, and the State could not be sued by process of garnishment, without its consent, by making one of its officers or agents the nominal defendant.

ASSUMPSIT ON BOOK ACCOUNT. The facts are stated in the opinion. Heard on petition of plaintiff for new trial on exceptions to ruling of Common Pleas Division refusing to charge the garnishee. Petition denied.

(1) TILLINGHAST, J. The only question involved in this case is whether the Common Pleas Division erred in refusing to charge the Rhode Island College of Agriculture and Mechanic Arts as garnishee. We do not think it did. Said college is

a State institution ; the title to the land, buildings, and other property is in the State ; and the board of managers, although made a corporation by virtue of Pub. Laws R. I. cap. 1078, passed May 19, 1892, is but the agent of the State to carry out the purposes of the General Assembly in connection with the establishment and maintenance of the college.     See Pub. Laws R. I. cap. 706, passed March 23, 1888.     Probably the main object in creating the charter was to enable the board to · more conveniently discharge their duties.     See *In re The Agricultural Funds*, 17 R. I. 815.     But, whatever the purpose was, it is clear that the corporation is none the less the agent of the State in the premises than was the board of managers before the charter was granted.

The disclosure made by the garnishee shows that on the 5th day of May, 1898, the General Assembly passed a resolution appropriating the sum of $11,500 for the erection of certain buildings on the college grounds, said sum to be expended under the direction of the board of managers of said college ; that thereupon a contract was entered into between said board and the defendant to do a part of the work and furnish a part of the materials in connection with the erection of said buildings ; that, in pursuance of said contract and the work performed and materials furnished by the defendant, there was due to him from the State of Rhode Island, at the time of the service of the writ in this case, $2,522.77, and no more ; and that there was none of the personal estate of the defendant in the hands and possession of said college at the time of said servive, except as above stated.     The resolution appropriating said money, which is made part of the return, provides that it is to be expended under the direction of said board, and authorizes the State auditor to draw his order on the general treasurer from time to time for the payment of the same, upon proper vouchers approved by the board.     It is thus made to appear that there was no money in the hands or possession of the garnishee at the time the writ was served upon it, and that it was only acting as the agent of the State, as aforesaid, in the doing of the work in question.

But the plaintiff contends that whether the board was acting as agent of the State or not is immaterial, as it made a contract as principal with the defendant, in its own name under seal, without any reference to any agency; and that in such case the agent, so contracting, is alone responsible, while the principal, though known, cannot be held. In support of this proposition he relies on *City of Providence* v. *Miller*, 11 R. I. 272, and *Briggs* v. *Partridge*, 21 Am. Rep. 617. It is true that the board, in making the contract with the defendant to construct the buildings provided for in said resolution of the General Assembly, did not in terms set forth therein that it was acting as the agent of the State. But even if, in any view of the facts connected with the making of said contract, the board could be deemed to be the contracting party, it could only be as the substitute or representative of the State itself, and the party in interest must necessarily be the State. In the making of said contract, as well as in the discharge of its other duties, the board was acting under and solely by virtue of a public law of the State, of which the plaintiff and all other persons were bound to take notice. Said chapter 706, under which the school was founded, is a public law; and said chapter 1078 making the board a corporation is also a public law, being an amendment of the former act. Moreover, said board is not a private corporation, but is a part of the public educational system of the State. It holds no property except as the agent of the State; it has no stock; the members of the board are appointed by the governor, by and with the consent of the senate, and, although incorporated as aforesaid, it cannot be said to be an independent corporation, but simply an agent of the State as aforesaid. The debt which the plaintiff attempted to attach, then, was a debt due from the State to the principal defendant, and one for which the defendant could not have maintained any action against the State or against said board acting as its agent, as the State cannot be sued in its own courts without its consent signified by its own statute law; *Briscoe* v. *Bank*, 11 Peters, 257; *Moore* v. *Trustees*, 19 Ill. 86; *Printup* v. *Ry. Co.*, 45 Ga.

365; *People* v. *Miles*, 56 Cal. 401; *Ambler* v. *Auditor*, 38 Mich. 746; *Weston* v. *Dane*, 51 Me. 465; nor can it be sued by process of garnishment, without its consent, by making one of its officers or agents the nominal garnishee. Lawson's Rights & Rem., Vol. 7, § 3601; *Allen* v. *Russell*, 78 Ky. 105; 23 Am. & Eng. Ency. L. 406. It would be a strange anomaly in the law if a creditor of the defendant could by this indirection maintain an action against the State when he himself could not do so directly. *Dewey* v. *Garvey*, 130 Mass. 86; *Stillman* v. *Isham*, 11 Conn. 124. See also *Hovey, Agent,* v. *Town of East Providence*, 17 R. I. 80.

Petition for new trial denied.

*A. B. Crafts and B. W. Case*, for plaintiff.

*N. B. Lewis*, for garnishee.

PRESENT: Matteson, C. J., Stiness and Tillinghast, JJ.