JOHN LEONHARD *vs.* JOHN HOPE & SONS ENGRAVING AND MFG. COMPANY.

PROVIDENCE—OCTOBER 13, 1899.

PRESENT: Matteson,. C. J., Stiness and Dubois, JJ.

(1) *Garnishment. Service of Process.*

In the service of a writ commanding the attachment of the personal estate of a defendant or of his stock or shares, under the provisions of Gen. Laws R. I. cap. 253, § 20, the provisions of the section must be strictly complied with.

The designation by the statute of the place of service is mandatory, not directory.

The statute having designated the place where service shall be made, all other places are excluded.

ACTION OF TRESPASS ON THE CASE against a garnishee under the provisions of Gen. Laws R. I. cap. 254, § 20. The facts are stated in the opinion. Heard on exceptions of defendant to rulings of a District Court refusing to dismiss the action and rendering decision for the plaintiff. Exceptions sustained.

DUBOIS, J. This is an action on the case brought against a garnishee under the provisions of Gen. Laws R. I. cap. 254, § 20, certified from the District Court of the Sixth Judicial District upon the defendant's exceptions to the refusal of said court to dismiss said case, and to its decision in favor of the plaintiff.

The motion to dismiss was made upon the ground that it did not appear that legal service of the original writ for the purposes of attachment of stock or of wages had been made upon said defendant corporation, by leaving an attested copy of said writ, either at the manufactory where the defendant named in said writ was employed, or at the usual place where the payment of wages was made, or at the office of said corporation, as prescribed in Gen. Laws R. I. cap. 253, § 20.

Said section reads as follows:

"SEC. 20. Whenever a writ shall command the attach-

ment of the shares of the defendant in any corporation, or of his personal estate in the hands of any person, copartnership, or corporation, as trustee, it shall be served by leaving an attested copy thereof, having indorsed thereon the date and time of day of such service, with the person or some member of the copartnership named in such writ as trustee ; or if such trustee, or the corporation whose shares shall be directed to be attached, shall be a bank, with the cashier thereof ; if an insurance company, with the president or secretary thereof ; and if any other corporation, it shall be served by leaving an attested copy thereof at the manufactory where the person is employed whose wages are to be trusteed, or at the usual place where the payment of said wages is made, upon the treasurer thereof, or the person executing the duties of treasurer thereof, or the agent or superintendent thereof, or at the office of such corporation with some person there employed ; and such officer shall also leave an attested copy of such writ, so endorsed, with the defendant or with some person living at his last and usual place of abode, or if he have none within the precinct of such officer, the latter shall send such copy to the defendant by mail, if his address is known to or can be ascertained by such officer."

(1)     The claim is made that the wording of this section is ambiguous, and that, if it is not, said designation of the place of service is directory and not mandatory.

We find no ambiguity.

The section provides a remedy by attachment.

"The right of attachment by trustee or garnishee process is not a common law right. It is created by statute, and the statute prescribes with particularity the procedure which is to be pursued in carrying the right to a successful issue, so that the right is, as it were, incorporate with the remedy." *Godding* v. *Pierce*, 13 R. I. 532.

The remedy by attachment exists in this country by virtue of statutory enactment alone, and is in derogation of the common law. Moreover, it is summary in its effects, and is liable to be abused and used oppressively. For these reasons it is the prevailing rule that the statutory provisions upon

which the right depends should be strictly construed as to both the modes and the subjects of attachment. 3 Am. & Eng. Ency. L. 2 ed. p. 184, § 3, and cases cited.

Garnishment rests wholly upon judicial process, and depends upon the due pursuit of the steps prescribed by law for its prosecution. Drake on Attachment, § 451, b; Sutherland on Statutory Construction, §§ 392, 393, and cases cited; Endlich on Interpretation of Statutes, § 35, and cases cited; Black on Interpretation of Laws, p. 305, § 116.

The statute having designated the place where service shall be made, all other places are excluded.

A strong line of distinction may be drawn between cases where the provisions of the act affect the performance of a duty and where they relate to a privilege or power. Where powers or rights are granted with a direction that certain regulations or formalities shall be complied with, it seems neither unjust nor inconvenient to exact a rigorous observance of them as essential to the acquisition of the right or authority conferred; and it is therefore probable that such was the intention of the legislature. But when a public duty is imposed and the statute requires that it shall be performed in a certain manner or within a certain time, or under other specific conditions, such terms may well be regarded as intended to be directory only when injustice or inconvenience to others, who have no control over those exercising the duty, would result if such requirements were essential and imperative.

Taking the former class of cases it seems that when a statute confers a right, privilege, or immunity, the regulations, forms, or conditions which it prescribes for its acquisition are imperative in the sense that non-observance of any of them is fatal, upon the principle, applicable alike to contracts and statutes, that a party cannot claim the benefits conferred and at the same time repudiate the obligations imposed by such. Endlich Interp. of Stats. §§ 433, 434.

Courts are required to infer a knowledge of the suit in the defendant when the requisites of the statute have been complied with,

The only safe construction is a substantial compliance with the statute requisitions. *Sheldon* v. *Comstock*, 3 R. I. 84.

To be effectual the writ must have been served in the manner provided by statute, at the place therein designated. This not having been done, the present action must fail.

Exceptions sustained, and case remitted to the District Court of the Sixth Judicial District with direction to dismiss.

*John A. Tillinghast*, for plaintiff.

*George B. Barrows*, for defendant.