GEORGE C. HALL *vs*. JERRY B. G. TABOR.

OCTOBER 28, 1912.

PRESENT: Dubois, C. J., Johnson, Parkhurst, Sweetland, and Vincent, JJ.

(1) *Attachment. Garnishment.*

Attachment by trustee process, being a statutory right, the provisions defining the procedure thereunder, must be strictly construed.

*(2) Jurisdiction. District Courts.*

District courts being courts of inferior jurisdiction, and existing only by statute, have only such powers as are expressly granted to them by law.

*(3) Mesne Process. Writs Returnable, Where.*

Writs of mesne process issued by one district court, cannot be returnable in another district, but must be sued out of the court in which the action shall have been commenced.

DEBT ON JUDGMENT. Heard on exceptions of defendant and sustained.

VINCENT, J. The plaintiff brought suit against the defendant in the District Court of the Second Judicial District, to recover the amount of a judgment previously rendered in his favor and against said defendant, by said court, on the 19th day of January, A. D. 1911. The plaintiff's original writ, instituting the present suit, was dated June 26, 1911, and directed the attachment of the personal estate of the defendant in the hands or possession of the New York, New Haven and Hartford Railroad Company, upon which corporation, as garnishee, service was made.

Following the service of the original writ, the plaintiff, at different times, to wit, August 28th, 1911, November 4th, 1911 and November 17th, 1911, caused to be issued, against the defendant, writs of mesne process, each of which directed the attachment of the personal estate of the said defendant in the hands or possession of said New York, New Haven and Hartford Railroad Company. The original writ, and each of these writs of mesne process, were issued out of the District Court of the Sixth Judicial District and were made returnable to the District Court of the Second Judicial District.

Judgment was rendered for the plaintiff and the garnishee charged in the District Court of the Second Judicial District, whereupon the defendant claimed a jury trial. Later, a hearing was had in the Superior Court, where judgment was again rendered for the plaintiff, and the garnishee again charged.

After the hearing in the Superior Court, the defendant filed his bill of exceptions and the same were duly allowed, as follows:

"1,—that the Court erred in charging the trustee or garnishee in said case;

"2,—that the writs of mesne process issued in said case and dated November 4th and November 17th, 1911, were not legally served upon said defendant;

"3,—that each of said writs were not legally served upon the trustee named therein.

"4,—that said trustee is not properly described in each of said writs."

The defendant contends that the several writs of mesne process, which were issued out of the District Court of the Sixth Judicial District and made returnable to the District Court of the Second Judicial District, were without statutory authority and void, and that one of them, dated November 17th, 1911, was void for the further reason that service of the same was not made six days prior to the return day thereof as provided by law.

(1) The remedy by attachment is based solely upon statutory enactment and is in derogation of the common law. The right of attachment, by trustee or garnishee process, not being a common law right, but a creation of the statute, the statutory provisions defining it, regulating it, and describing the procedure thereunder must, in all respects, be strictly construed. In other words, our district courts being courts of inferior jurisdiction, and existing only by statute, have only such powers as are expressly granted to them by law.

(2)

Among the powers granted to district courts is the power of one district court to issue an *original* writ, returnable to any other district court, as appears by Sec. 8, Chap. 299 of the Gen. Laws. This power was not conferred upon such courts at the time of their creation, but was subsequently granted them by Chap. 1066 of the Public Laws, passed at the January session, 1892. It was, therefore, permissible for the plaintiff in the present case to sue out his original writ from the District Court of the Sixth Judicial District,

and make it returnable to the District Court of the Second Judicial District, but it does not follow that a like power existed in the matter of writs of mesne process. The issuance of writs of mesne process is authorized by Sec. 17 of Chap. 299 of the Gen. Laws, which reads as follows: "Sec. 17. The plaintiff in any action may, as often as may be necessary, at any time before final judgment in such action, sue out of the court in which the action shall have been commenced, a writ of mesne process commanding the attachment of the real or personal estate of the defendant, including his personal estate in the hands or possession of any person, copartnership, or corporation, as the trustee of the defendant," etc.

(3)

It appears from the section last referred to that the statute does not confer upon district courts the power of making writs of mesne process issued by one district court returnable in another district, but that all writs of mesne process must be sued out of the court in which the action shall have been commenced. The writs of mesne process in the present case were sued out of the District Court of the Sixth Judicial District and made returnable to the District Court of the Second Judicial District, in which last named court the action had been commenced. We must, therefore, sustain the defendant's contention that such writs were without statutory authority and void.

It appears from an examination of the writ of mesne process, dated November 17, 1911, including the officer's return thereon, that there was an absolute failure of legal service, there being a period of less than six days between the date of service and the return day.

There are some other questions raised by the defendant, regarding the service of these writs, but as such writs are already disposed of upon other grounds, the discussion of the other questions cannot profitably be entered into.

The defendant's first, second and third exceptions are sustained and his fourth exception overruled and the case is remitted to the Superior Court for further proceedings.

*Ratcliffe G. E. Hicks*, for plaintiff.

*John W. Sweeney*, for defendant.