CHARLES E. BAXTER *et al. vs.* H. W. TYAS COMPANY, INC.

FEBRUARY 6, 1930.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Barrows, and Murdock, JJ.

MURDOCK, J. This is an action on the case brought under the provisions of Section 20, Chapter 351, General Laws 1923. The plaintiffs, in a suit against an employee of the defendant, attached his estate in its hands. The defendant did not file the return required by law nor did it avail itself of the provisions of Section 21, Chapter 353, and file an affidavit that it did not make a return through accident or mistake. In the present suit it filed a plea setting forth that, at the time of service of the writ in the suit against its employee, the deputy sheriff charged with the service of the writ paid it $1.10 when the lawful fee was $1.50, as the writ was returnable to the Eighth District Court. Plaintiffs demurred to the plea and the demurrer was overruled. The case coming on for trial the plaintiffs admitted that the facts were true as set forth in the plea and moved that a verdict be directed for the plaintiffs. The motion was denied and a verdict was directed for the defendant. The case is before us on plaintiffs' exceptions to the action of the court below in overruling the demurrer, in directing a verdict for defendant and in refusing to direct a verdict for the plaintiffs.

It is apparent from the record that the trial justice felt bound by the previous ruling on the demurrer and we may consider the exception to the action of the court below in overruling the demurrer under the provisions of Section 24, Chapter 348, General Laws 1923.

Section 22, Chapter 350, General Laws 1923, after providing the manner in which the writ shall be served to attach the personal estate in the hands of another, further provides: "shall tender to the person upon whom service is made the sum of two dollars and his travelling fee as witness in the superior court, and the sum of one dollar and like travelling fee if the writ is returnable in any other court. . . . "

The statutes relating to garnishment have always been strictly construed by this court. In *Leonhard* v. *Hope & Sons*, 21 R. I. 449, the court said: "The remedy by attachment exists in this country by virtue of statutory enactment

alone, and is in derogation of the common law. Moreover, it is summary in its effects, and is liable to be abused and used oppressively. For these reason it is the prevailing rule that the statutory provisions upon which the right depends should be strictly construed as to both the modes and the subjects of attachment." In that case a copy of the original writ was served on the treasurer of the defendant corporation but the return did not show that it was served at the place designated by the statute and the court held that to be effectual the writ must have been served in the manner provided in the statute and at the place therein designated.

In *Vaughan* v. *Furlong*, 12 R. I. 127, which was a suit against a garnishee, like the instant case, for failure to render a sworn account of the defendant's estate in his hands, after verdict for the plaintiff motion for arrest of judgment was filed on the ground that the statute under which it was sought to recover from the defendant was unconstitutional. DURFEE, C. J., in holding the statute constitutional, said: "There can be no doubt but that the statute is constitutional in its object. The only question is whether it is so in the mode of proceeding which it prescribes. Service, according to that mode, is made on the garnishee by leaving with him a copy of the writ, and, in order to charge him, it is further required that the proper fees shall be tendered to him."

The plaintiffs contend that the defendant having accepted the fee as tendered by the deputy sheriff waived its right to the lawful fee. This contention is not tenable. It must appear that the defendant knew its rights before it can be said to have waived them. The record does not show that the defendant knew of the insufficiency of the fee and therefore it cannot be held to have waived its right thereto.

The plaintiffs further contend that the position of the garnishee is analogous to that of a witness who must respond to his summons or give notice that he has not been paid his lawful fees. *Holden* v. *Shove*, 1 R. I. 287. It is true that the fees prescribed for witnesses and garnishees are the same but there the analogy ceases. In the case of a witness his

appearance is demanded directly by the court and he may be declared in contempt if he fails to appear without giving a satisfactory reason. The court may through its inherent powers require that the witness be paid his lawful fees before he is compelled to testify. The garnishee is not required to appear in court. The penalty for his failure to respond to the process of the court is not attachment for contempt but liability to the creditor in an action at law. If the estate of the defendant in his hands exceeds the amount claimed by the plaintiff in the original action the garnishee may not file an affidavit but await the service of the execution. As the parties are not before the court as in the case of a witness the garnishee may be put to great trouble and expense in obtaining his lawful fees if they are not paid to him at the time of the service of the writ as no provision is made for such a contingency. The statute confers a right on the plaintiff and imposes an obligation on the defendant and to make him liable thereunder the burden fairly falls on the plaintiff to see to it that all the requirements of the statute have been fully met.

A majority of the court is of the opinion that the plaintiff's exceptions should be overruled and the case remitted to the Superior Court for the entry of judgment on the verdict, and it is so ordered.

*Wilson, Churchill & Curtis, Wilford S. Budlong*, for plaintiff.

*Huddy & Moulton, Stuart H. Tucker*, for defendant.