INDUSTRIAL TRUST COMPANY *vs.* LORA LeBARON *et al.*

JUNE 16, 1938.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

CONDON, J. This is a bill in equity to remove a cloud on the title to certain real estate situated in the city of Providence, formerly belonging to Gilberto Moni, and is brought by the complainant, who is the successor in title of said Moni by virtue of a mortgagee's deed obtained upon foreclosure of a mortgage from Moni to the said complainant. The respondents are the personal representatives of a deceased attachment creditor of Moni.

At the hearing on the bill in the superior court practically all the facts necessary to a determination of the cause were admitted by the parties and the only issues presented to the trial justice were questions of law. Upon the conclusion of the hearing and after careful consideration of the issues, the trial justice rendered his decision for the complainant in which he granted it the relief prayed for in its bill. A decree, based on this decision, declaring the complainant to be the

owner of the real estate in question free of the respondents' attachment, was duly entered in the superior court, from which decree the respondents appealed and have duly prosecuted said appeal to this court.

This appeal presents for our determination only one of the several issues which were before the trial justice. The parties are agreed that this question may be stated as follows: "Was the form of the affidavit on the writ of attachment issued in the case of *LeBaron* v. *Moni* insufficient to support that writ, thereby rendering void the attachment of real estate purporting to be made thereunder?" The complainant contends that this question should be answered in the affirmative. The respondents argue substantially that the defect, if any, in the affidavit constitutes a mere irregularity, at least under the circumstances of this case, and that as such it was impliedly waived by the defendant Moni, in the main case, by not objecting thereto either before trial or at the trial and before judgment. They, therefore, contend that the attachment, not having been avoided by the defendant, remained good against the defendant and anyone thereafter deriving title from him after its levy, at least as a lien after judgment.

The attachment of the real estate of Gilberto Moni was made by service on the defendant of an original writ of attachment on November 19, 1923 in the case of *Oscar J. LeBaron* v. *Gilberto Moni*, Law No. 58478 in the superior court. In addition to service of this writ by attachment of the real estate as provided by statute—chap. 349, sec. 14—personal service of the writ was also made upon the defendant Moni. He entered a plea of the general issue and, without in any manner attempting to question the validity of the attachment, went to trial and defended the action brought against him. The jury returned a verdict against him on November 16, 1927 and thereafter, following an unsuccessful attempt by the defendant Moni to have this verdict set aside for reasons which do not concern us here, (see *LeBaron* v. *Moni*,

53 R. I. 385) judgment was entered as of the date of the verdict in accordance with the statute,—chap. 344, sec. 1. During all this time the defendant failed to take any action to question the validity of the affidavit in support of the plaintiff's attachment, and he has taken no action to this day.

On January 18, 1926, the complainant in the present suit, with notice of the attachment by reason of its being recorded in the real estate records of the city of Providence, but without actual knowledge of the attachment, took a mortgage of said real estate from the defendant Moni to secure a loan of $30,000. On May 9, 1934, it foreclosed this mortgage and purchased said real estate at the foreclosure sale. On May 28, 1934, the sheriff made levy of an execution on said real estate attached under the aforesaid attachment and subsequently complainant brought this suit to remove this alleged cloud on its title to said real estate and to declare said attachment null and void.

The affidavit annexed to the original writ of attachment is as follows:

"I, Frederick J. Muldoon, atty, for the plaintiff named in the within writ, make affidavit and say that I believe that the plaintiff has a just claim against the defendant named in said writ that is due upon which he expects to recover in said action a sum sufficient to give jurisdiction to the Court to which said writ is returnable.

Frederick J. Muldoon

Subscribed and sworn to at Providence, in the county of Providence, this 19th day of November, 1923.

George C. Clinton.

Notary Public."

General laws 1923, chapter 349, sec. 14, authorizing the attachment of real and personal estate of a defendant in an action reads: "Sec. 14. An original writ commanding the attachment of the real or personal estate of the defendant, including his personal estate in the hands or possession of

any person, copartnership, or corporation, as the trustee of the defendant, and his stock or shares in any banking association or other incorporated company, may be issued from the superior court, or any district court, whenever the plaintiff in the action to be commenced by such writ, his agent or attorney, shall make affidavit, to be indorsed thereon or annexed thereto, that the plaintiff has a just claim against the defendant, that is due, upon which the plaintiff expects to recover in such action a sum sufficient to give jurisdiction to the court to which such writ is returnable."

The above-mentioned affidavit is not strictly in conformity with the statute, but what is the effect of this defect in the circumstances of the instant case? Does it render the attachment void for all purposes regardless of the fact that the defendant has never attacked it and no one deriving title from him has attacked it before judgment?

The complainant strongly contends that the answer to this latter question should be in the affirmative, and in support of this contention relies upon *Greene* v. *Tripp,* 11 R. I. 424. That decision was rendered by this court in 1877 in an action of the case brought by the plaintiff Greene against Tripp, who was the garnishee in a prior action brought by Greene against Isaac Austin, in which action Greene recovered judgment. See *Greene* v. *Austin,* 10 R. I. 311. Service in that case was had on Austin by summons and on Tripp by process of foreign attachment, that is, garnishment. Greene in the later suit tried to recover from Tripp, as the garnishee, in the prior suit, but this court held that the affidavit was not such as was required by the statute to authorize an attachment and that, as the garnishee was thus not legally served, he could not be held liable.

It will be observed that the *Tripp* case was one where the plaintiff was trying to hold liable not the defendant, but a garnishee who had never actually become such, because he had never been properly served in the original action. In other words, the attempted attachment did not bind the

garnishee, because the plaintiff had not validly taken the initial step to give the court jurisdiction over him, as required by the statute. It is clear that the Tripp case does not present a similar situation to the situation in the instant case; nor do any of the following Rhode Island cases cited by the complainant. *Farrow* v. *Dutcher,* 19 R. I. 715, 36 A. 839; *Leonhard* v. *Hope & Sons,* 21 R. I. 449, 44 A. 305; *Baxter* v. *Tyas,* 50 R. I. 452, 148 A. 600.

The *Farrow* case concerned the amendment of a defective affidavit indorsed on a writ of arrest. There the *defendant* objected in the district court to the plaintiff being allowed to cure the defect in the affidavit by amending it to include the words required by the statute. This court held that the amendment should not have been permitted, as the affidavit was not merely a part of the process, as in *Hudson* v. *Fishel,* 17 R. I. 69, but was the very foundation of the right, in the first place, of the plaintiff to arrest the defendant. Of course, in that case a strict construction of the statute was properly demandable by the *defendant.*

The *Leonhard* case was a case where a garnishee was not served with the attachment in accordance with the statute, and the court held that strict compliance with the statute was necessary to bring the garnishee within the jurisdiction of the court before it could be charged with liability under the judgment which the plaintiff had obtained against the defendant in the main case. Again the garnishee could and did attack the validity of the attachment as served on him.

In the *Baxter* case a garnishee was tendered and accepted inadequate travel fees at the time of service of the attachment and later, when sued by the plaintiff, pleaded the invalidity of the attachment on the ground that at the time of the service upon it of the writ of attachment in the original action it was not paid the travel fees required by statute. This court held the plea good and said that it was essential, to proper service of the writ and to legally charging the garnishee with liability, that the conditions of the statute with respect to travel fees be strictly complied with.

Each of these cases is clearly to be distinguished from the instant case. Here we have no garnishee resisting the plaintiff's attempt, by service of a writ of garnishment upon him, to subject him to liability on any judgment which might be entered against the defendant, as in the *Tripp, Leonhard* and *Baxter* cases. Instead, we have a later mortgagee of the defendant, which purchased the mortgaged real estate at a foreclosure sale and which is now seeking to annul the plaintiff's prior attachment because of a defect, not in the affidavit indorsed on a writ of garnishment or arrest, as in the *Tripp* and *Farrow* cases, but in the affidavit for the original writ of attachment, levied on the defendant Moni's real estate long before the mortgage was made. Other significant and vital facts are that when service of the writ was made he was the only one affected thereby; that he at no time objected to the sufficiency of this affidavit; and that the case went to judgment without anyone in his behalf or in his stead having raised such objection.

We are of the opinion that it was the duty of the defendant, if he wished to avoid the attachment as a lien on his real estate, to attack the sufficiency of the affidavit for the attachment before judgment. It is true that, for the purpose of obtaining jurisdiction over the case, the statutory requirements for attachment of real and personal property must be strictly followed. But where the attachment is not a condition precedent to giving the court jurisdiction over the case and is a question merely as to the validity of the attachment as a lien after judgment, we are of the opinion that substantial compliance is sufficient in the absence of seasonable objection by the defendant, and that such compliance exists in the instant case. We are also of the opinion that the inaction of the defendant in the main case constituted a waiver of the defect in the affidavit, at least after judgment, and that the mortgagee of the defendant, the complainant here, can at any rate have no greater rights in this respect than the defendant would have, if still owning the property.

The defendant had the right to attack the attachment for such defect, even though he had pleaded to the writ and declaration generally. *Silva* v. *Superior Court,* 46 R. I. 342. In that case the defendant answered the case, filed a plea of the general issue and later moved to release his property from attachment on the ground of falsity of the affidavit supporting the attachment. In approving the decision of the superior court granting the motion, this court said: "The petitioner further claims that the action of said justice was unwarranted because of lack of statutory authority to release said property from attachment. There is no specific provision of the statute providing for the discharge of an attachment on the ground of the falsity of the affidavit indorsed on a writ. A defendant can, however, raise the question of the truth of the affidavit by a plea attacking the jurisdiction of the court; or, if the defendant desires a trial of the action, he may raise the question by motion, and the court having control of its own processes may, if it finds the affidavit to be false, discharge the attachment as constituting an abuse of the court's process, which the justice did in this case." See also *Carroll* v. *Sheehan,* 12 R. I. 218; *Gardner* v. *James,* 5 R. I. 235.

The complainant in its reply brief points out that in the case of *Bradford Estate Co.* v. *Brown,* 52 R. I. 103, an analogous situation was presented to that in the instant case. There a grantee of a defendant brought a bill in equity to invalidate an attachment, and, although the attachment was upheld by the court, no question was raised as to the right of the complainant grantee of the attached real estate to bring his bill in equity for the purpose of invalidating the attachment. Complainant seems to infer from that case that the grantee of a defendant, in bringing a bill attacking the validity of an attachment as a lien on defendant's real estate, has the right, notwithstanding the failure of the defendant to do so in the main case before judgment, to insist upon the same strict compliance with the statutory require-

ments governing the affidavit annexed to the writ of attachment as is held essential where jurisdiction exercisable over the defendant is involved.

No such inference can, in our opinion, be drawn from that case. There the court, being clearly convinced that the attachment was valid against everybody, had no occasion to pass and did not pass upon the question whether the complainant in the case, if the attachment had not been thus valid, would have been able to attack its validity.

For the reasons above stated, we are of the opinion that the decision of the trial justice is erroneous and the decree based thereon should be reversed.

Respondents' appeal is sustained, the decree appealed from is reversed. On July 5, 1938, the parties may present to this court a form of decree for entry in the superior court.

*Huddy & Moulton, Stuart H. Tucker, Ernst T. Voigt,* for complainant.

*Joseph W. Grimes, James O. McManus, Ernst T. Voigt,* for respondents.