164 A.2d 309 (1960)
STAR MANUFACTURING EMPLOYEES FEDERAL CREDIT UNION
v.
Michael ARAUJO.
Ex. No. 10068.
Supreme Court of Rhode Island.
October 20, 1960.
Pontarelli & Berberian, Aram K. Berberian, Providence, for plaintiff.
J. Joseph Nugent, Atty. Gen., John R. Cosentino, Providence, Special Counsel, for garnishee.
CONDON, Chief Justice.
This action of assumpsit was commenced in the superior court by a writ of attachment against the defendant and Raymond H. Hawksley, general treasurer of the state of Rhode Island, as defendant's trustee. After making proof of claim upon the defendant's default the plaintiff moved that the general treasurer be charged as garnishee, which motion the trial justice denied. The case is here on the plaintiff's bill of exceptions containing its exception to such denial and certain other exceptions to rulings excluding offers to prove that Raymond H. Hawksley in his official capacity was in possession of funds authorized to be paid to the defendant. However, all of those exceptions raise the same issue which may be stated as follows: Are funds of a defendant which are due from the state subject to garnishment while in the possession of the agent of the state?
The trial justice held that the state was not subject to the statute and that the general treasurer as its agent was likewise immune; hence he excluded plaintiff's offers to prove that Raymond H. Hawksley as general treasurer had in his possession funds due the defendant. He also found that plaintiff had not presented any evidence that said Hawksley in his individual capacity held such funds and therefore he could not be charged as garnishee.
*310 The plaintiff does not question that finding but it does question the holding that the state or its agent is immune from the statutory process of garnishment. It concedes that such is the rule generally in other jurisdictions but argues that this court has not heretofore expressly so held. On the contrary, it contends that we did not adhere to the rule when in Wilson v. Lewis, 10 R.I. 285, we held that a municipal corporation was subject to the statute. The plaintiff relies upon that case and strongly urges that the state cannot be reasonably accorded immunity any more than a municipal corporation. In support of that contention it asserts that the reasons usually advanced to justify such immunity are fallacious.
Those arguments do not persuade us to depart from the general rule. In the first place we think this court long ago approved that rule and indicated its adherence to it in Tucker v. Pollock, 21 R.I. 317, 43 A. 369, and Allen v. Gerard, 21 R.I. 467, 44 A. 592, 593, 49 L.R.A. 351. In Tucker we stated that since the defendant could not sue the state or its agent without its consent signified by its own statute law neither could it be sued indirectly by process of garnishment without such consent. In Allen we reiterated that view and observed that the reason for it was obvious. "Public officials," we said, "are charged with certain well-defined duties, and the law prescribes the manner in which they shall be performed. If, while in the discharge of these duties, the officer is interfered with by some person who is a stranger to the proceedings, confusion and inconvenience will necessarily be the result * * *." In other jurisdictions in recent years a similar reason has been advanced in support of the general rule. See Nacy v. LePage, 341 Mo. 1039; 111 S.W.2d 25, 114 A.L.R. 259 and note at page 261.
We perceive no fallacy in such reason. On the contrary we think it is grounded in sound public policy. Any relaxation of the rule that would alter that policy should, in our opinion, emanate from the legislature by the enactment of a statute expressly providing for the state's consent to suit by the process of garnishment. In Wilson v. Lewis, supra, it was not necessary for the court to relax the rule since the garnishment statute provided that all corporations were subject to such process. In view of this language the court held that a municipal corporation was necessarily included thereunder.
In this connection it may be observed that while a municipal corporation is a political subdivision of the state and as such exercises a portion of the state's sovereignty, it is not itself sovereign and moreover exercises certain proprietary powers similar to those exercised by private corporations. For this reason we may conclude that the legislature in employing the comprehensive term all corporations expressly intended to include all corporations without exception precisely as the court construed it in the Wilson case.
In any event those words cannot be reasonably construed to include the state or any of its official agents exercising its sovereign power exclusively. To so construe the statute would in our opinion be an extremely liberal construction amounting in effect to judicial legislation. Since the process of garnishment is in derogation of the common law the statute authorizing it must be strictly construed and we have heretofore followed that canon of construction. Home Savings Bank v. Rolando, 57 R.I. 205, 189 A. 27; Baxter v. H.W. Tyas Co., 50 R.I. 452, 148 A. 600; Hall v. Tabor, 34 R.I. 508, 84 A. 793.
For the foregoing reasons we are clearly of the opinion that the trial justice did not err in his rulings on the plaintiff's offers of proof or in his decision holding the state and its agent immune from the process of garnishment.
All of the plaintiff's exceptions are overruled, and the case is remitted to the superior court for further proceedings.