**RICHMOND SAND & GRAVEL, INC.**

v.

**STATE of Rhode Island**

**Paul L. ROY**

v.

**STATE of Rhode Island**

**Paul R. COOK**

v.

**STATE of Rhode Island.**

Nos. 88–116–M.P., 88–193–M.P. and 88–194–M.P.

Supreme Court of Rhode Island.

April 4, 1989.

Steven J. Goldman, Stephen H. Mills, Warwick, and Anthony J. Gianfrancesco, Baluch, Mahoney & Gianfrancesco, Providence, for plaintiffs.

James E. O'Neill, Atty. Gen., Caroline Cole Cornwell, Asst. Atty. Gen., and Joseph M. Rameaka, Dept. of Transp., for defendant.

OPINION

KELLEHER, Justice.

These three consolidated cases are before us on writs of certiorari following decisions by the Administrative Adjudication Division (AAD) of the Department of Transportation. The pertinent facts that form the basis of this dispute follow.

On July 11, 1986, two tractor-trailer trucks owned by Richmond Sand & Gravel, Inc. (Richmond), were stopped by the State Police immediately after the vehicles had crossed the Jamestown Bridge. Similarly, on June 12, 1987, trucks being driven by Paul L. Roy (Roy) and Paul R. Cook (Cook) were stopped after crossing the bridge. In each instance the drivers of the vehicles were cited for violating G.L.1956 (1982 Reenactment) § 31–25–16, as amended by P.L. 1985, ch. 445, § 1, made applicable to bridge weight restrictions by § 31–25–27, as amended by P.L.1986, ch. 282, § 2. Subsequent AAD hearings determined that § 31–25–16 had been violated. The hearing officer applied the statutory formula found in § 31–25–16 and fined Richmond $42,400 for the first violation and Roy and Cook $11,973 and $12,493, respectively, for the second violation.

In each of these instances the aggrieved party appealed the hearing officer's decision to the AAD appeals board pursuant to G.L.1956 (1982 Reenactment) § 31–43–4(3), as amended by P.L.1982, ch. 222, § 1. The appeals board affirmed the fines imposed by the hearing officer in each case. Subsequently Richmond, Roy, and Cook sought relief in District Court pursuant to § 31–43–4(9). However, the District Court Chief Judge refused to hear the appeals on the ground that the amount of each fine imposed placed the case beyond the court's jurisdiction. Richmond, Roy, and Cook all filed motions for writs of certiorari, which were granted. A motion to consolidate the Richmond, Roy, and Cook appeals was filed and granted on January 11, 1989.

Although petitioners raise numerous issues, we need only consider whether the District Court's Chief Judge erred on the jurisdictional question.

The District Court is a statutory court and has only those powers that are expressly granted to it by statute. *Hall v. Tabor*, 34 R.I. 508, 510, 84 A. 793, 793 (1912). General Laws 1956 (1985 Reenactment) § 8–8–3, as amended by P.L.1986, ch. 547, § 7, dealing with the civil jurisdiction of the District Courts, provides in pertinent part that (1) the District Court shall have exclusive original jurisdiction over all civil actions wherein the amount of controversy does not exceed $5,000 and (2) the District Court shall have concurrent original jurisdiction with the Superior Court over all civil actions wherein the amount in controversy exceeds $5,000 but does not exceed $10,000, provided no defendant seeks removal to the Superior Court. General Laws 1956 (1981 Reenactment) § 12–3–1, as amended by P.L.1985, ch. 462, § 1 controls the criminal jurisdiction of the District Court. This section provides that the District Court shall have jurisdiction of crimes, offenses, and misdemeanors punishable by a fine not exceeding $1,000, one year of imprisonment, or both. The District Court justice apparently relied upon these statutes in deciding that he lacked jurisdiction to consider the Richmond, Roy, and Cook appeals. However, those statutes to which we have just alluded deal with the District Court's original jurisdiction and not its appellate jurisdiction. The petitioners, in appearing before the District Court, were only seeking to invoke its appellate power.

The Administrative Procedures Act establishes that, where expressly provided by the General Laws, an appeal from an administrative adjudication shall be instituted by filing a complaint in the sixth division of the District Court rather than in Superior Court, G.L. 1956 (1988 Reenactment) § 42–35–15(b). The statutes relating to AAD contain such an express provision.

Section 31–43–1, as amended by P.L. 1986, ch. 137, § 1, establishes AAD within the Department of Transportation. All violations of the motor-vehicle statutes, with certain limited exceptions, must be heard and determined by AAD, § 31–43–1. Section 31–43–4 provides an appeal process from decisions made by hearing officers. An administrative appeal may first be taken to an appeals board within AAD, § 31–43–4(3). Once all administrative remedies have been exhausted, § 31–43–4(9) specifically provides for judicial review:

"*Judicial review.* Any person who has exhausted all administrative remedies available to him under the provisions of this section, including an appeal before the appeals board provided herein, and who is aggrieved by the final order of said appeals board, may obtain judicial review in the sixth division of the district court, in accordance with the provisions of § 42–35–15, and may, in an appropriate case, seek review by the supreme court, in accordance with § 42–35–16."

Although the District Court is undoubtedly a court of limited jurisdiction, § 31–43–4(9) and § 42–35–15(b) bestows upon it jurisdiction to entertain AAD appeals irrespective of the amount of the fines imposed. The petitioners' writs of certiorari are granted. The orders appealed from are quashed. The record in the case is remanded to the District Court with our decision endorsed thereon.