ADDISON TINSLEY *et al.*, Defendants in Error, *v.* JOSEPH W. SAVAGE, GARNISHEE OF MERCHANTS' AND MANUFACTURERS' INSURANCE COMPANY, Plaintiff in Error.

1. *Garnishment on execution not a new suit.*—Summons may issue directly against a garnishee on execution, residing in any county in the State, without suing out process as in case of an original suit. Garnishment is one of the modes pointed out by the statute by which the writ is executed. It is not a new suit, but an incident or auxiliary of the judgment, and a means of obtaining satisfaction of the same by reaching the defendant's credits.

*Error to St. Louis Circuit Court.*

*John A. Kellar* and *Seneca N. Taylor*, for plaintiff in error.

*Jos. T. Tatum*, for defendants in error.

WAGNER, Judge, delivered the opinion of the court.

Plaintiffs obtained judgment in the St. Louis Circuit Court against the Merchants' and Manufacturers' Insurance Company, and an *alias* execution was issued out of the clerk's office, directed to the sheriff of St. Charles county; and the sheriff, acting under orders from the plaintiffs' attorney, summoned Savage, the defendant, who was a resident of the latter county, as a garnishee. Savage appeared in the St. Louis Circuit Court, and moved to quash the proceeding on the ground that the court had no jurisdiction over him. This motion was sustained at Special Term, but the court at General Term reversed the judgment and remanded the cause for further action, and the defendant prosecuted his writ of error.

It is now contended for the plaintiff in error that the garnishment was the beginning of a new suit, and that jurisdiction could

only be acquired over the parties by pursuing the mode pointed out in the statute concerning the place where suits are to be brought. (Wagn. Stat. 1005.) But this is an entire mistake, and the universal practice has been to the contrary. Executions issued upon any judgment, order or decree rendered in any court of record, may be directed to and executed in any county in this State. (Wagn. Stat. 602, § 5.) And any person, upon the direction of the plaintiff or his attorney, may be summoned as a garnishee in such execution. (*Id.* 664, § 1.)

Garnishment is one of the modes pointed out by the statute by which the writ is executed, and it is not a new suit, but an incident or an auxiliary of the judgment, and a means of obtaining satisfaction of the same by reaching the defendant's credits. The garnishee must make his answer in the court whence the execution issues, as it alone has exclusive control over its process.

The other judges concurring, the judgment will be affirmed.