| | |
|---|---|
| 62 | 17 |
| 34a | 545 |
| 62 | 17 |
| 37a | 594 |
| 62 | 17 |
| 41a | 395 |
| 62 | 17 |
| 55a | 467 |
| 62 | 17 |
| 58a | 389 |
| 62 | 17 |
| 43a | 337 |
| 62 | 17 |
| 98a | 480 |

———o———

DENNIS SHEEDY, Appellant, *vs.* SECOND NATIONAL BANK, Garnishee of JAMES STREETER, Respondent.

1. *Garnishment of one indebted to a partnership of which defendant in the attachment is a member—Power of court to compel partners to interplead.*—In an action by attachment against an individual, a person is not liable to garnishment who is indebted to a co-partnership of which that individual is a member. And in such a proceeding the court has no power to compel the partners to come in and litigate their interests in the fund attached.

2. *Attachment—Jurisdiction—Order on non-residents to interplead.*—In action of garnishment courts of this State have no authority to order non-residents to appear and interplead, and litigate their respective rights to the fund attached.

3. *Attachment—Garnishment of debt to a firm of which defendant is a member, how distinguishable from levy in attachment or execution.*—The garnishment in attachment of a debt owing to a firm of which defendant is a member, is distinguishable from the seizure on attachment or execution of the tangible property of a partnership, for the reason that in a sale under such seizure the property cannot be appropriated till all liens growing out of or related to the partnership are discharged, while in the case of garnishment the judgment against the garnishee, if acquiesced in, changes the right of property, and divests the co-partner's title to the property attached—which cannot be done so long as the partnership accounts remain unsettled or its debts unpaid.

4. *Attachment—Garnishment—What defense garnishee may set up, etc.*—Whatever defense the garnishee in attachment could set up against an action by the defendant for the debt in respect of which he is garnished, he may set up in bar of a judgment against him as garnishee.

5. *Garnishment—Garnishee liable for what manner of debt—Constr. Stat.—Adjustment of accounts, etc.*—The statute of garnishment (Wagn. Stat., 665, § 7) contemplates, that in order to render one liable as a garnishee, the debt which he owes defendant shall be of such a character, that upon being served with process, he may pay the amount, without being compelled to await the determination of a chancery proceeding requiring an adjustment of accounts between parties and partnerships. (Lackland vs. Garesche, 56 Mo., 267.)

### *Appeal from St. Louis Circuit Court.*

*J. O. Broadhead, with Broadhead & Overall,* for Appellant.

The interest of one partner in a debt owing to an abundantly solvent partnership composed of two equal partners, as is the case here, may be attached by a creditor of one of the partners, for the separate debt of that partner. (Colly. Part., § 822, p. 704, and notes; Douglas vs. Winslow, 20 Me., 89, 92, 93; Pearce vs. Jackson, 6 Mass., 242; Allen vs. Wells, 22 Pick., 450; Dow vs. Sayward, 12 N. H., 276-7; Morrison vs. Blodgett, 8 N. H., 238; Sto. Part., 392, §§ 261, 263, 397; 1 Pars. Cont., 205; Moody vs. Payne, 2 Johns. Ch., 548; Bish. Prin. Eq., §§ 520, 521; Moore vs. Burnell, 52 Me., 162; Russ vs. Fay. 29 Vt., 386; 7 How Pr., 229; id., 883; 7 Ia., 39; 8 Ia., 1; 26 Ia., 422; 3 Ala., 319; 34 Ala., 722; 20 Ga., 386.)

Money or debts due the firm are in nowise distinguished from other effects or assets, as respects their liability to attachment or garnishment for the separate debts of a partner. (Thompson vs. Lewis, 34 Me., 169; Wallace vs. Patterson, 2 Har. & McHenr. [Md.], 463; 29 Vt., 162; McCarty vs. Emlen, 2 Dallas [Pa.]. 277; Lewis vs. Payne, 1 Leg. Gaz. [Pa.], 508; 2 Yates [Pa.], 190; Chatzell vs. Bolton, 3 McCord [S. C.], 33; Robinson vs. Tevis, 38 Cal., 611.) In this case had the necessity existed for the money due from the Second National Bank to James Streeter & Co, to be held and applied by the partners to the partnership debts, all their rights appertaining thereto could have been determined, had the court below sustained the motion of appellant to compel

them to be brought in as parties, when the garnishee's answer showed that these were interested jointly in the debt. Or the parties, or either of them, could have interpleaded, for they were fully aware of the proceeding, both of them and their book-keeper being witnesses in the case.

In all of the authorities adverse to our position in this case, the necessity of applying the money and credits of the firm to partnership debts, in the first place, and the alleged difficulty in this kind of a proceeding, of determining whether solvent or not, and also the uncertainty of the interest of the partners in the fund, have been the reasons urged in support of, and the question upon which depended, the decisions of the courts. But in this case no such reasons exist, or can in the remotest degree apply.

*E. B. Sherzer*, for Appellant.

I. When, upon the pleadings and proofs the solvency of a partnership is established, and the interest of a partner therein ascertained, such interest in a debt due such partnership can, by the process of a garnishment, be subjected to the payment of such partner's individual indebtedness. (Fisk vs. Herrick, 6 Mass., 271, 272; Robinson vs. Tevis, 38 Cal., 611, 618, 619; Mobley vs. Loubat, 7 How. [Miss]. 318, 320, 321; Barber vs. Hartford Bank, 9 Conn., 407, 410; Winslow vs. Ewing, 1 Ala., 129, 132.) That without such ascertainment the interest of a partner in a debt or fund due the partnership can be garnished for his individual indebtedness, is maintained by the following authorities: (Wallace vs. Hull, 28 Ga., 68, 70, 71; Chatzel vs. Bolton, 2 McCord, 478, 481; Wallace vs. Patterson, 2 Har. & McHen., 463, 469; McCarty vs. Emlen, 2 Dal., 278, 279; Whitney vs. Munroe, 19 Me., 42, 45; Thompson vs. Lewis, 34 Me., 167, 170, 171; Miller vs. Richardson, 1 Mo., 370; Robinson vs. Tevis, 38 Cal., 611; Pars. Part., ed. 1867, pp. 359, 360.)

If the proposition is claimed to be inapplicable because garnishment is matter of strict law, we have authorities showing that the measure and value of a partner's interest can be ascertained in a replevin suit. (Rapp vs. Vogel, 45

Mo., 524, 526; Gillham vs. Kerone, id., 487, 490; Dilworth vs. McKelvy, 30 Mo., 149, 154.) And execution may be levied on partnership effects to satisfy individual indebtedness. (Wiles vs. Maddox, 26 Mo., 77, 83.) If claimed to be inapplicable because in execution tangible property is taken, and a debt is intangible, we say the statute knows no such distinction. (Wagn. Stat., 664, § 1; 665, § 7; compare "Attachment," p. 184, §§ 18, 19, 30, 35; "Executions," 606, § 20; see also dissenting opinion, Hosmer, J., in Church vs. Knox, 2 Conn., 522, 524, following out theory principles in Wiles vs. Maddox; 28 Ga., 68, 70, 71.)

If it be contended that the decisions in our State are opposed to claim here made, it is submitted that Kingsley vs. The Missouri Fire Co. (14 Mo., 465) was decided before the new code of 1849, blending law and equity, and in the opinion of Ryland, J., given with hesitation, the action of the court seems based upon theory of garnishment being a matter of strict law (p. 468).

McDermott vs. Donegan (44 Mo., 85) merely states that whatever would defeat creditors would be fatal in garnishment. It does not decide that a creditor's interest cannot be reached and made answerable for his individual debts. Lackland vs. Garesche (56 Mo., 266, 269, 270, 271) was a case in which the court called upon the trustee to account and perform his duties as trustee, and decides that garnishment can operate only upon effects not encumbered with a trust, and proceeds upon the idea, that in trusts continuing until a settlement had with beneficiary, chancery was alone competent to administer justice. But in the case at bar the garnishee is not a trustee. He has, indeed, a fund owing to, or is indebted to two who are partners, but their respective interests therein are ascertained by their own sworn testimony.

II. Certainly, inasmuch as the answer disclosed a person or persons, other than the individual debtor claiming an interest in a fund in the custody of the court, or of the law, such persons could and should be directed to establish their rights therein, and the court erred in overruling the motion designed to bring the parties interested, or claiming an inter-

est in said fund before it. Our court, having both legal and equitable powers, in case of a fund or property brought, by suit at law, under its control, may compel partners claiming an interest therein to come in and interplead, or the farther and subsequent proceedings may be confined to equitable procedure. (Richardson vs. Jones, 16 Mo., 177; Ladd vs. Couzins, 35 Mo., 513, 515; Morrison vs. Blodgett, 8 N. H., 254; Fisk vs. Herrick, 6 Mass., 271.) And such appears to be the object and design of our statute. (Wagn. Stat., 668, §§ 25, 26; Id., 665, § 9; Id., 666, § 12.)

*Clark & Dillon, with Cline, Jamison & Day,* for Respondent.

I. In action by attachment against an individual, a person is not liable to be garnished who is indebted to a copartnership of which that individual is a member. (Kingsley vs. Missouri Fire Co., 14 Mo., 466; Drake Attach. [4 ed.] 576.) The whole course of decisions in this State leads irresistibly to the same conclusion, for they assert that the plaintiff has no other or greater rights against a garnishee than the defendant himself had, and whatever would defeat the defendant in an action against the garnishee will be fatal to the claim of plaintiff against the garnishee. (Firebaugh vs. Stone, 36 Mo., 111; Weil vs. Tyler, 38 Mo., 545; McDermott vs. Donegan, 44 Mo., 85; Drake Attach., § 672.) In this case it is clear that the defendant Streeter could not maintain an action against the garnishee, one partner not being able to maintain an action for a debt due the partnership. (1 Chitt. Pl., 8–11; Kingsley vs. Mo. Fire Co., *supra.*)

II. The motion of plaintiff to require Streeter & Rizer, the members of the firm of James Streeter & Co., to appear and litigate their respective interests in this debt owing by garnishee to the firm, was properly overruled. There is no authority for such a proceeding. Garnishment proceedings in this State are purely legal, with nothing of an equitable nature about them. (Kingsley vs. Mo. Fire Co., *supra,* Wagn. Stat., 665, § 7.) Besides, what plaintiff asked

for was clearly impracticable. The respective interests of the several partners in this debt could not be ascertained without a settlement of the entire partnership business.

WAGNER, Judge, delivered the opinion of the court.

Plaintiff commenced his action against one Streeter, by attachment, and the defendant was garnished in the proceeding. At the return-term defendant filed its answer to the interrogatories propounded, and stated that it was not indebted in any manner to Streeter, but that it was indebted to Streeter & Co., a co-partnership firm composed of Streeter and one Rizer, and therefore asked to be discharged.

To this answer plaintiff filed a denial, and then set up affirmatively, among other things, that the garnishee was indebted to Streeter & Co. for money deposited by said firm with garnishee, and that the firm was solvent, and that both members of the firm were non-residents and had no creditor in this State except the plaintiff, and that all the monies and effects of Streeter & Co. in this State were deposited with and in the possession of defendant. To this affirmative matter thus pleaded, the defendant demurred, for the reason that it was irrelevant and immaterial, and showed no cause of action against or liability of defendant as garnishee. This demurrer was by the court sustained.

Plaintiff then moved the court to grant an order requiring Streeter and Rizer, the members of the firm, to appear and litigate, and show their respective interests in the fund. This motion was by the court overruled.

On the trial the facts stated in the answer were fully proved, and the court gave judgment for the defendant.

The important question which underlies this case is, whether in an action by attachment against an individual, a person is liable to be garnished who is indebted to a co-partnership of which that individual is a member. It is conceded that there is some conflict in the authorities upon this subject, but the cases greatly preponderate against the right of resorting to the process of garnishment under such circum-

stances. In Kingsley vs. Missouri Fire Co. (14 Mo., 465) it was held, that in a proceeding against a garnishee summoned in attachment as a debtor of a defendant, the plaintiff could not prove a joint indebtedness of the garnishee to the defendant and another person. In the opinion it is said that this remedy by attachment and garnishing is one of strict law, and if the debtor could not sue the garnishee alone on the debt, then the garnishee should not be held liable to the plaintiff in the attachment suit, for a debt due by him to the debtor and another, as the other would also be entitled to sue, and thus there would be two actions pending by two plaintiffs, for one indebtedness to them as a partnership. The question is carefully considered, and the authorities reviewed in Drake on Attachment, and the learned author declares the true doctrine to be, that the attachment of a debt due to a co-partnership, in an action against one of the partners, is justly distinguishable from the seizure on attachment or execution of the tangible effects of the firm for the same purpose. The partnership property may be sold to pay the debt of one partner, but a debt due the firm cannot be taken by garnishment for that purpose. The reason for the distinction is, that in case of a sale the property cannot be appropriated until all liens upon it growing out of or relating to the partnership are discharged, while in the other case, the judgment against the garnishee, if acquiesced in, changes the right of property, and divests the co-partner's title to the property attached, which cannot be done so long as the partnership accounts remain unsettled, or its debts unpaid. (Drake Attach., § 567.) The case of Wiles vs. Maddox (26 Mo., 77) is inapplicable here.

The point came up before Mr. Justice Story, in a case where, in a suit against G. & G., the garnishee answered that he was indebted to G. & L., one of the defendants being a member of both firms. The court, in deciding against the liability of the garnishee, observed: "In order to adjudge the trustee responsible in this suit, it must be decided that the funds of one partnership may be applied to the payment of

the debts of another partnership, upon the mere proof that the principal debtor has an interest in each firm. If this be correct it will follow that a separate creditor of one partner will have greater equitable as well as legal rights, than 'the partner himself has. The general rule undoubtedly is, that the interest of each partner in the partnership fund is only what remains after the partnership accounts are taken; and unless upon such an account the partner be a creditor of the fund, he is entitled to nothing. And if the partnership be insolvent the same effect follows." (Lyndon vs. Gorham, 1 Gall., 367.)

It must be borne in mind that garnishment is essentially a legal proceeding, and not adapted for the ascertainment and settlement of equitable rights between the garnishee and the defendant; and that a court of law has no power to act on the debt, until by an adjustment of the partnership affairs, it shall appear whether the defendant has any and what interest in the general surplus, or the particular debt.

There is another principle of law which is strongly antagonistic to the doctrine contended for by the plaintiff. It is this: As the attaching creditor can hold the garnishee only to the extent of the defendant's claim against the garnishee, and can acquire no rights against the latter, except such as the defendant had; and as he is not permitted to place the garnishee in any worse condition than he would be in if sued by the defendant, it follows necessarily, that whatever defense the garnishee could urge against an action by the defendant for the debt in respect of which he is garnished, he may set up in bar of a judgment against him as garnishee. (Firebaugh vs. Stone, 36 Mo., 111; McDermott vs. Donegan, 44 id., 85.) It therefore results in this case, that Streeter could not have maintained an action against the garnishee, as one partner is incapable of suing for a debt due the firm, and if Streeter could not sue, the plaintiff cannot.

The only remaining question is the action of the court in overruling the motion requiring Streeter and Rizer to appear and litigate their respective rights in the debt. In reference to this question it might be sufficient to say, that no excep-

tion was taken to the court's ruling. But aside from this, the action of the court was manifestly proper. There was no authority for the proceeding; the parties were non-residents, and not within the jurisdiction of the court, and that tribunal could exercise no control over them. A garnishment proceeding, as previously remarked, is strictly legal, and no power exists in the court to invoke equitable interference to compel a settlement and adjustment of accounts between other parties.

The 7th section of our garnishment act (Wagn. Stat., 665) provides that, "whenever any property, effects, money or debts, belonging or owing to the defendant, shall be found in the hands of the garnishee, he may, at any time before final judgment, discharge himself, by paying or delivering the same or so much thereof as the court shall order to the sheriff, from all further liability on account of the property, money or debts so paid or delivered." The statute evidently contemplated, that, in order to render a person liable as garnishee, the debt which he owed the defendant should be of such a character that upon being served with process he might pay the amount, without being compelled to await the determination of a chancery proceeding requiring an adjustment of accounts between parties and partnerships. So thought the court in Lackland vs. Garesche (56 Mo., 267), where it held that the statute touching garnishment is essentially legal and not equitable in its nature and procedure; and the rights, credits and effects in the hands of the garnishee which are subject to attachment, are such as are not incumbered with trusts, and such as may be delivered over, or paid to the officer under the direction of the court, free from incumbrances. The judge, in delivering the opinion said that it was "not contemplated by the legislature to authorize a court of law, in a mere side issue growing out of an attachment suit, to exercise the intricate and complicated duties of a chancellor."

No error is perceived in the record, and the judgment should be affirmed. Judges Napton and Sherwood concur; Judges Vories and Hough absent.