STATE OF MISSOURI AT THE RELATION OF SCOTT J. KENNEDY ET AL., RELATORS, v. BROWN HARRIS, JUDGE, RESPONDENT.—69 S. W. (2d) 307.

Kansas City Court of Appeals.   February 19, 1934.

*Smith, Walsh & Ellison* and *Farrar & Phillips* for relators.

*Smith Brandom, Henry S. Conrad, L. E. Durham* and *Hale Houts* for respondents.

SHAIN, P. J.—Scott Kennedy and O. S. Bone, partners, doing business as Kennedy-Bone Calf Company, relators herein, on April 17, 1933, filed petition in prohibition against Hon. Brown Harris, circuit judge, of Division No. 4 of the Circuit Court of Jackson County, Missouri, at Kansas City, Missouri, respondent herein, asking that said judge be prohibited from further proceeding concerning the sale of certain bonds involved in garnishment proceeding in a case, No. 260,012 pending in said court and wherein Smith Brandom is plaintiff and W. H. Power is defendant and relators are garnishees.

On the 19th day of April, 1933, this court issued its alternative writ restraining further action concerning the sale, and said writ was made returnable May 1, 1933. Respondent duly made return on May 1, 1933, and issues being duly joined cause was taken up, argued and submitted at the October term of this court.

The issue presented herein arises out of legal matters involved in two suits and there is presented a problem wherein a correct statement thereof becomes necessary to a correct solution.

As we glean from the agreed statement of facts filed herein, the relators, who are in livestock sale business, after negotiations with one W. H. Power of the State of Nebraska and after having been informed by a bank in Nebraska that a check drawn in their favor by said Power on said bank would be paid, turned over to the Stock Yards Company and to the Chicago, Burlington & Quincy Railroad Company fifty-seven head of calves for shipment, said calves being consigned to W. H. Power.

It appears that the said W. H. Power stood indebted to one Smith F. Brandom in the sum of $1073.17, the same being evidenced by a note duly indorsed to said Brandom.

On April 7, 1927, said Brandom instituted a suit by attachment against W. H. Power on said indebtedness in the Circuit Court of Jackson County, Missouri, and the Chicago, Burlington & Quincy Railroad Company was duly served with the writ of attachment and summoned as garnishee. On May 11, 1927, the railroad company filed answer stating that at time of service it had the fifty-seven head of calves in its possession.

On April 11, 1927, the relators herein filed a suit in replevin against the Kansas City Stock Yards Company and the aforesaid railroad company and under the writ the fifty-seven head of calves were taken out of the possession of the Stock Yards Company and the railroad company and delivered to relators, the plaintiffs in said replevin suit. The sheriff of Jackson county not being satisfied with a bond offered for the possession of the calves, the relators herein, who were the plaintiffs in the replevin suit, delivered to the sheriff government bonds of the par value of $2500 in lieu of regular bond and the sheriff thereupon turned the calves over to relators and same have been disposed of by relators herein. After the relators herein had secured possession of the calves as aforesaid, the railroad company filed a motion in the attachment suit asking that relators herein, plaintiffs in the replevin suit, be ordered to interplead in the attachment suit and on order of the court the relators herein filed an interplea in said attachment suit in which relators claimed to be the owners of the fifty-seven head of calves in issue.

Both the suit in attachment brought by Brandom and the replevin suit brought by relators coming on for trial in the Circuit Court of Jackson County, Missouri, the two cases were consolidated for the purposes of trial and jury being waived trial was by the court. While consolidated for purpose of trial, the court treated the cases as two separate cases and rendered separate judgments in each.

The judgment of the trial court in the attachment suit was for interpleaders, relators herein, and discharging the garnishees, and the judgment in the replevin suit was for plaintiffs, relators herein. In other words, the judgment in each case was for the relators herein as to the ownership of the fifty-seven calves.

Brandom, the plaintiff in the attachment suit, but not a party to the replevin suit, duly appealed the attachment suit and the same was sent to this court. There appears never to have been an appeal taken in the replevin case. The attachment suit coming to this court on appeal this court in an opinion by BLAND, J., reported in 27 S. W. (2d) 65, held that the ownership of the calves in issue had passed from the relators herein to W. H. Power by valid sale and that at the time of service of the attachment writ the title to the calves was in W. H. Power. In accordance with said finding, the judgment of the lower court was reversed and cause remanded.

It appears that a motion to modify the opinion above was filed and the opinion was modified so that the cause was remanded with instructions to dismiss the interplea of the relators herein and to enter judgment against the said interpleaders. It appears that the instructions of this court were carried out and it follows that the judgment, in the attachment suit, is to the effect that the relators herein have no right, title or interest in the fifty-seven head of cattle involved in this litigation.

It appears that further proceedings were had in the attachment suit after the entry made under the mandate of this court. This arose from the fact that the trial court left standing that part of the judgment discharging the garnishees and the plaintiff in the attachment suit, without seeking to disturb the judgment in favor of the garnishees, sought to charge the Stock Yards Company and the railroad company as garnishees for the value of the stock. A jury being waived the trial of this issue was before the court and the trial court gave judgment in favor of the garnishees and the plaintiff appealed. In an opinion by BLAND, J., 41 S. W. (2d) 879, this court affirmed the judgment of the lower court.

The last above opinion was handed down on May 25, 1931. As the matter stood in the attachment suit on May 25, 1931, W. H. Power had been adjudged owner of the fifty-seven calves at the time of service had in the attachment suit, relators herein, who had interpleaded in the attachment suit, had been adjudged as having no title in said calves and the Stock Yards Company and the railroad company had been fully discharged.

As the matter stood in the replevin action, No. 260066, the relators herein were adjudged to be the owners of the fifty-seven calves and the relators herein, in so far as the replevin suit is concerned, were entitled to an acquittance on their bond in the replevin suit and the relators are now entitled to take down any deposit held in lieu of the calves that were turned over to relators by the sheriff based upon consideration of the deposit, unless the court that has issued process in the attachment suit herein has jurisdiction to, upon a proper hearing, decree otherwise and said court does so decree.

The question now before this court is as to whether or not the Circuit Court of Jackson County, Missouri, had such jurisdiction of the persons and subject-matter as to issue process out of the attachment suit, No. 260012, pending in the circuit court of said county and render a judgment disturbing and altering the right and title that relators have in bonds of the face value of $2500 under and by virtue of the final judgment of the Circuit Court of Jackson County, Missouri, in a replevin suit, No. 260066, wherein relators are plaintiffs and the Stock Yards Company and railroad company are defendants and wherein judgment was for plaintiffs and wherein the said bonds were deposited by relators and received by the said sheriff under conditions as follows:

"Whenever said suit is fully determined and said replevin bond is fully satisfied, then the aforesaid U. S. Bonds will be returned to the said Scott Kennedy.

"(Signed) JOHN MILES,<br>
"Sheriff,<br>
"By J. C. McNAMARA,<br>
"Deputy."

Approximately a month after the last mandate was handed down by this court in the attachment suit, to-wit: On June 27, 1931, it appears that, "an *alias* writ of attachment was issued, and notice and summons of garnishment was served on Scott Kennedy on July 10, 1931, and on O. S. Bone on June 30, 1931, on John L. Miles on July 2, 1931, and on Jefferson H. Smedley on June 29, 1931. Interrogatories and answers thereto were filed, and the issues joined, and that thereafter, the defendant Power entered his appearance and thereafter on the 5th day of July, 1932, judgment for eighteen hundred and 51/100ths ($1800.51) dollars, with interest at eight per cent (8%) per annum was rendered in favor of the plaintiff, and against the defendant, and the attachment therein was sustained."

And thereafter it appears as follows:

"Garnishees, Scott Kennedy and O. S. Bone, filed answers in said garnishment proceeding, denying that they had any property of defendant, W. H. Power, in their possession, or were in anywise indebted to him, and the garnishee, Jefferson H. Smedley, filed his answer, alleging that as sheriff of Jackson county, Missouri, and successor to John L. Miles, he received government bonds, amounting to twenty-five hundred ($2500) dollars; that said bonds had been given to John L. Miles, as collateral security on replevin bond on case No. 260066."

Thereafter issues were joined by the plaintiff, Brandom, filing a reply to the answer of relators and relators, as garnishees, filing reply to plaintiff's reply.

Brandom, the plaintiff, in his pleading sets up facts and the judgment in the attachment suit wherein the relators interpleaded and wherein W. H. Power is adjudged to be the owner of the calves. The plaintiff further pleads as follows:

"Plaintiff states that the question of ownership of the said fifty-seven head of livestock was determined by the former judgment of the interplea herein by the Kansas City Court of Appeals reported in 27 S. W. (2d), page 65, said opinion and mandate now of record in this cause, and garnishees, Scott Kennedy and O. S. Bone, attempt by their answer to relitigate the precise question which was determined on said interplea herein. That said judgment has not been superseded, revised or appealed from and is now final and subsisting and is *res judicata* on the question of the ownership of said property and that said garnishees are estopped and concluded by the aforesaid judgment.

"Plaintiff further states that on the 26th day of March, 1929, at the time of the agreement to consolidate this cause with the replevin suit No. 260066 the parties hereto agreed that the only issue involved in the two causes would be decided on the interplea and that in pursuance to said agreement trial was had on the interplea.

"Plaintiff states that the parties hereto further agreed that the judgment on the replevin suit should follow and conform to the final judgment entered on the interplea and that the plaintiff relying upon said agreements treated the replevin suit as merely collateral to the issue on the interplea.

"Plaintiff states that because of the aforesaid agreement and the reliance thereon by this plaintiff the garnishees, Scott Kennedy and O. S. Bone, are estopped to set up the pretended judgment in the replevin suit as against this plaintiff."

The relators, garnishees herein, join issue with plaintiff by setting up the facts and the judgment in the replevin suit. Relators further plead as follows:

"Garnishees further deny that there was any agreement to consolidate the two actions referred to in plaintiff's denial or that there was any consolidation of the same, or that the issues involved therein were the same."

Relators further plead by general denial of indebtedness to Power and invoke the five-year Statute of Limitations. .

On the issues thus made up in the attachment suit the trial court has already proceeded and has made findings of fact, given judgment and has made orders.

As the case is not before us on appeal, it becomes unnecessary for us to burden the opinion with the proceedings above for the reason that the only matter before us is as to the jurisdiction of the trial court in the matter.

In the closing paragraph of the opinion by this court, 41 S. W. (2d) l. c. 885, it is said:

"Plaintiff complains of the action of the court in refusing to find that garnishees were amply protected by the replevin bond. It is not a question whether the garnishees have any other remedy. However, it would appear that the bond is not any protection to them as plaintiff in the replevin action recovered the calves. [Section 1626, Rev. St. 1929.]"

While the last sentence in the above quotation may not have been necessary to the conclusion reached in the opinion, still we adopt the same as applicable to the issue as presented in this proceeding.

To determine the issue before us, it must be determined as to whether or not the issues as presented by the agreed statement of facts presents a situation wherein the trial court has such jurisdiction of the persons and subject-matter as are requisite to statutory garnishment. Requisite to such a proceeding, the relation of debtor and creditor must exist between W. H. Power, the defendant, and the relators who are garnishees.

Garnishment proceeding, under our statutes, is strictly legal and is but an incidental remedy to judgment and is but a means of obtaining satisfaction of a judgment by reaching credits due to a losing

defendant in the main suit. [Tinsley et al. v. Savage, 50 Mo. 141; Sheedy v. Second National Bank, 62 Mo. 17; Norman v. Pennsylvania Fire Ins. Co., 141 S. W. 618, 237 Mo. 576.]

The right to judgment against a garnishee depends upon it being made to appear that the garnishee owes the principal debtor and the creditor can claim no right where the debtor himself could not maintain an action against the garnishee. [Peoples Savings Bank v. Hoppe, 111 S. W. 1190, 132 Mo. App. 449; Fenton v. Block, 10 Mo. App. 536.]

The issues between garnishee and plaintiff are tried as are ordinary issues between a plaintiff and defendant. [Section 2529, R. S. 1929.]

The facts before us are clearly to the effect, that W. H. Power was adjudged owner of the calves in issue in an action wherein relators were parties and that such ownership existed on April 7, 1927, when the writ of attachment was served. Since that date there has been no action to which W. H. Power, defendant, or Brandom, the plaintiff herein, were parties wherein or whereby the legal status above has been changed.

It is shown that relators herein had possession of the calves on the said 7th day of April, 1927. According to the judgment in the attachment suit the relators' possession was wrongful. It is further shown that the calves were never returned to W. H. Power or to anyone for him and it is shown that relators have made no satisfaction therefor.

It is shown that the sheriff of Jackson county, Missouri, a garnishee herein, had in his custody and has turned over to the clerk of the court to await the result of this suit, bonds of the face value of $2500, property of relators herein, and the plaintiff herein is seeking by garnishment proceedings to obtain satisfaction of a judgment he has against defendant Power out of the aforesaid bonds.

In an opinion by this court, 27 S. W. (2d) 65, this court held that the check given by W. H. Power, defendant herein, to the relators, garnishees herein, constituted payment for the calves in issue.

Payment of debt by check may be made where there is an agreement to that effect. [Montgomery County v. Auchley, 15 S. W. 626, 103 Mo. 492.]

Again our statutes provide certification equivalent to acceptance and that acceptance or certification discharges drawer and indorsers. [R. S. 1929, secs. 2815-2816.]

In the case, 27 S. W. (2d) 65, this court held the check to be payment for the reason that, "the seller, before shipping calves, wired the bank on which the check was drawn as to whether check would be honored and, upon receipt of telegram from bank stating that it would pay the check, ordered that the calves be delivered to railroad for shipment."

If the issue before us be entirely determined by the proceedings in the attachment suit, then there can be no question of respondent's

power to proceed. However, it is urged by relators that they have rights adjudicated in the replevin suit of which they will be deprived if the Hon. BROWN HARRIS, judge of the circuit court, be allowed to proceed further and order the sale of the bonds in question to the end of satisfaction of the debt of defendant Power. In this the relators would be right if the proceedings complained of by them herein could be construed to be an action by plaintiff by reason of any asserted right of plaintiff to the effect that the bonds in issue were in anywise deposited in the replevin suit as any protection to plaintiff or if plaintiff's claim herein be based on assertion of right to the proceeds of the bonds by reason of any relation existing direct between the plaintiff and relators.

If Hon. BROWN HARRIS, circuit judge, respondent herein, has jurisdiction to proceed with the matters complained of, it must be by reason of the fact that it is shown that plaintiff has a judgment against W. H. Power and that such relation of debtor and creditor exists between W. H. Power and relators as permit the bonds to be reached by statutory garnishment.

Repeating by way of summary, it is clearly shown that plaintiff does have judgment against W. H. Power. It is clearly shown that W. H. Power, in an attachment suit wherein Brandom was plaintiff, W. H. Power was defendant and relators were garnishees and wherein the court had jurisdiction of the parties and the subject-matter, was adjudged to be the owner of the calves in question of April 7, 1927, when the attachment writ was served.

It is further shown that Brandom, the plaintiff, by his judgment against Power in the attachment suit, has acquired the rights of power in the calves to the full amount of plaintiff's debt and costs.

Certainly no judgment in any suit brought after April 7, 1927, to which neither W. H. Power nor the plaintiff are made a party, can alter the status as fixed between the parties by the judgment in the attachment suit. The replevin suit that relators interpose in this controversy was commenced after April 7, 1927, and neither plaintiff nor Power were parties to such suit.

The injection of the replevin suit herein has served the purpose of confusing the issues in the case at bar. The fact that relators secured possession of the calves in issue in an action brought by relators against the Stock Yards Company and the railroad company does not constitute said judgment in such suit res adjudicata as to the rights acquired by either the plaintiff or Power in the attachment suit to which relators were parties, nor can such possession of the calves so obtained by relators change such relation of debtor and creditor between relators and Power as may exist by virtue of the facts determined in said attachment suit.

As before stated, the trial court has made findings of fact and given declarations of law in the case at bar. It may be that the trial court, by some confusion concerning the status of the replevin suit

with the issues herein involved, has made erroneous findings of fact and given erroneous conclusions of law concerning same that has lent color to the claim that the court is acting without or in excess of its jurisdiction. However, it must be understood that erroneous findings of fact and erroneous conclusions of law made by a court does not oust jurisdiction, if so, much litigation would be arrested in its process to final judgment. After all, the court when not a court is but a human and may be possessed with that human fault of saying too much. Extraneous utterances often but serve the purpose of a safety valve on a steam boiler that pops off to relieve pressure. For such, the legal profession has coined a name, we call it *obiter dictum*. Exemplification of such may be here found, in that we could have expressed the thought of many words above by saying in the first place, that mere *dicta* does not oust jurisdiction.

Another phase is worthy of comment. It is shown that an issue is joined by the pleadings that if found against relators might estop relators from taking the position as to the replevin suit that relators are urging. The issue is joined as to whether or not there was an agreement between the parties to the effect that the attachment and replevin suits be combined and that the status of the relators to the property in question should abide the result on appeal of the attachment suit to which all were parties. We do not wish to be understood as passing upon the fact of whether or not there was such an agreement. In fact, we do not wish to be understood as passing finally upon any question that might be properly brought before us on appeal. We are only concerned here with the question of jurisdiction.

Relators have plead the five-year Statute of Limitations, such does not raise a jurisdictional question.

Relators in their brief present, that the claim of defendant Power against them is for unliquidated damages and therefore the trial court had no jurisdiction touching same in the garnishment proceedings. We conclude that the rights of the parties are so fixed and the value of the calves in issue made so definite and certain by the showing made in the agreed statement of facts filed herein, that relators' position in this respect is not well taken.

Relators insist that the bonds being *in custodia legis*, precludes the trial court from having jurisdiction. The fulfillment of the purposes for which the bonds are held being fully accomplished the rule as to *custodia legis* does not apply.

Our conclusion is that Hon. BROWN HARRIS, respondent herein, is possessed of jurisdiction to try and determine the issues presented in the attachment suit as they are presented and raised by the *alias* writ of attachment issued on June 27, 1931, and by the pleadings filed by the plaintiff and the garnishees, relators herein, in said suit.

In accordance, with our conclusion above, the alternative writ of prohibition issued herein is quashed. All concur.