RICHARD R. NACY, State Treasurer, Succeeded by ROBERT W. WINN, v. PROS LEPAGE, Justice of the Peace, Appellant.—111 S. W. (2d) 25.

Division One, December 14, 1937.

*H. P. Lauf* and *John O. Bond* for appellant.

*Roy McKittrick,* Attorney General, and *Olliver W. Nolen,* Assistant Attorney General, for respondent.

HYDE, C.—This is a proceeding in the Circuit Court of Cole County in prohibition to stop proceedings, in the justice of the peace court of Jefferson Township in said county, to have the State Treasurer summoned as garnishee on execution under a judgment of the Automotive Sales Company against Joseph L. Edwards. Temporary rule in prohibition was made absolute and defendant has appealed.

The case was determined on the pleadings, which sufficiently

present the sole question urged on appeal. This is stated by appellant as follows: "Does the Justice Court have the right and judicial authority to require the State Treasurer to submit to a legal writ of garnishment?" The answer to this question must be "no," because the State may not be sued without its consent. [State ex rel. State Highway Commission v. Bates, 317 Mo. 696, 296 S. W. 418.] While a garnishment is not a new suit, it is a proceeding auxiliary to a judgment which may present fact issues to be tried as a suit at law. [28 C. J. 17, secs. 3-5; 12 R. C. L. 842, sec. 80.] It seeks to compel action on the part of the State. [See Hagood v. Southern, 117 U. S. 52, 29 L. Ed. 805, 6 Sup. Ct. 608; Louisiana ex rel. N. Y. G. & I. Co. v. Steele, 134 U. S. 230, 33 L. Ed. 891, 10 Sup. Ct. 511; Buchanan v. Alexander, 4 How. 20, 11 L. Ed. 857.] Our statutory garnishment is a strictly legal proceeding, and Section 1414, Revised Statutes 1929, provides that "issues shall be tried as ordinary issues between plaintiff and defendant." [Tinsley v. Savage, 50 Mo. 141; Lackland v. Caresche, 56 Mo. 267; Sheedy v. Second National Bank, 62 Mo. 17; State ex rel. Kennedy v. Harris, 228 Mo. App. 469, 69 S. W. (2d) 307.] It is said (12 R. C. L. 842) that "garnishment is substantially the prosecution of an action by the defendant, in the name of the plaintiff, against the garnishee;" and that the rule (against garnishment of State officers) "has never been seriously questioned." We, therefore, hold garnishment to be within the rule that the State can only be sued in such matters and in such manner as it shall specifically consent to be sued. [For the extent of this rule and the reason for it see 28 C. J. 64, sec. 6; 59 C. J. 300, secs. 459-464; 12 R. C. L. 841, sec. 80; note 44 L. R. A. (N. S.) 218; 25 R. C. L. 412, secs. 49-50.] Moreover, garnishment is a remedy to obtain satisfaction of a judgment by reaching goods, moneys or effects of the debtor in the possession of another or by applying thereon debts or credits due to the debtor by another. [Secs. 1396, 1402, 1404, and 1408, R. S. 1929; State ex rel. Kennedy v. Harris, supra.] The State Treasurer, in his official capacity and in the funds of the State treasury, has no goods, moneys or effects of any private citizen in his custody, nor does he owe a debt from the treasury to anyone. He is a custodian of public funds, raised by taxation, which belong to the State. His duty is to pay out these funds only "in pursuance of an appropriation by law" which "shall distinctly specify the sum appropriated and the subject to which it is to be applied." [Sec. 19, Art. 10, Constitution.] An appropriation may impose a duty on him but it certainly does not create a debt. Therefore, he is not within the terms of our garnishment statutes. If modern extensions of the functions of government make garnishment of State funds desirable, that is an argument to be made to the General Assembly.

The judgment is affirmed. *Ferguson* and *Bradley, CC.,* concur.

1042

PER CURIAM:—The foregoing opinion by Hyde, C., is adopted as the opinion of the court. All the judges concur, except *Hays, J.,* absent.