## KLOPF SALES CO., Inc., v. KLOPF et ux.

### No. 4817.

District Court, W. D. Missouri, W. D.

Dec. 19, 1947.

Wm. G. Boatright, of Kansas City, Mo., for plaintiff.

Paul Van Osdol, of Kansas City, Mo., for defendants.

REEVES, District Judge.

The defendants, being non-residents, this case was removed from a state court. While the case was pending in the state court the plaintiff, in conformity with the Missouri Statutes, sued out writs of attachment, and under such writs caused summonses in garnishments to be issued. Several garnishees were summoned.

The complaint had two counts; the first count related only to Mr. William H. Klopf, the second count was against both William H. Klopf and Blanche Klopf, his wife. Both of the defendants appeared and answered. In compliance with the provisions of Section 1442, R.S.Mo.1939, Mo.R.S.A., the plaintiff has filed its attachment bond to sustain its writ of attachment and garnishment thereunder on Count 1 of the complaint. It has filed no such bond with respect to Count 2. Defendants, as

822

is their right, have moved for a dissolution of the attachment (and garnishments thereunder) on Count 2. Attachments and garnishments in the case that may be based entirely on Count 2 of the complaint should be dissolved in accordance with said Section 1442, R.S.Mo.1939, Mo.R.S.A.

■ The defendants have added to this motion another one for the release of certain property affected by the writ of ·attachment and garnishments on Count 1. It is the contention of counsel that the property or securities affected by that proceeding are held in joint tenancy by the defendants and that by reason thereof such property is not subject to garnishment. This may be true but the Missouri statute prescribes the procedure to be followed in garnishment proceedings. When summoned, it becomes the duty of the garnishee to answer and thereby issues are made up. See Sections 1560, 1561, 1566, 1573, R.S.Mo.1939, Mo.R.S.A. By this answer, the garnishee may state the facts and show whether the property in his or its hands, if any, is really subject to garnishment. A claimant or claimants may interplead as provided by Section 1568, R.S.Mo. 1939, Mo.R.S.A.

■ The question, therefore, raised by the defendants' motion cannot be heard on such motion for the reason that a garnishment is a civil proceeding or suit engrafted upon a writ of attachment and, while it is purely statutory, it is in many respects a distinct civil action, complete within itself.

It may be questioned whether any substantial rights would be affected by the failure of the plaintiff to give bond in the second count, as apparently the attachment under the first count reaches all the securities affected. However, as indicated, if so, such writs should be dissolved. It follows that that portion of defendants' motion appertaining to attachments and garnishments under the second count should be dissolved, and other portions of the motion should be overruled even though it may be that the property mentioned, on final hearing, will be found not subject to attachment and garnishment as contended by the defendants. It will be so ordered.