## CLARKIN v. WORTHLEY et al.

No. 8655.

United States District Court
W. D. Missouri, W. D.

Sept. 24, 1953.

878

Swofford, Schroeder & Shankland, Kansas City, Mo., for plaintiff.

Keith Martin, Kansas City, Mo., for defendant Leslie E. Worthley.

E. E. Thompson, Kansas City, Mo., for Farmers Mut. Auto. Ins. Co.

REEVES, Chief Judge.

The sole question for decision in this case is whether a garnishee, under an execution to satisfy a judgment, may remove his controversy with the plaintiff to this court. The amount in controversy is adequate and there is a diversity of citizenship. Counsel for plaintiff insists that such a case cannot be removed and counsel for the garnishee is of the contrary opinion. Counsel for both parties have filed extensive and well prepared briefs.

The courts have not been in agreement on the question and there are Missouri decisions supporting the contention of plaintiff, as well as decisions to the contrary. Such differences are rather illusory than real.

The plaintiff recovered a judgment against the defendant and in an effort to satisfy such judgment caused a garnishment summons to be issued against the garnishee.

1. A Missouri statute, Section 525.010 RSMo 1949, V.A.M.S., provides as follows:

> "All persons shall be subject to garnishment, on * * * execution, who are named as garnishees in the writ, or have in their possession goods, moneys or effects of the defendant not actually seized by the officer, and all debtors of the defendant, and such others as the plaintiff or his attorney shall direct to be summoned as garnishees."

The chapter relating to the subject of "Garnishments", contains a headnote or designation as follows: "Statutory Actions and Torts." This, in a way, indicates the interpretation placed upon such proceedings by the legislative committee in revising the statutes.

Section 525.120 RSMo 1949, V.A.M.S., provides that in garnishment proceedings:

> "The court having jurisdiction may prescribe, by rule, the time and manner of excepting to and denying the answer of garnishees, of interpleading, exhibiting or filing papers, or taking any needful step in garnishment cases where the same are not prescribed by law."

And then Section 525.130 permits interrogatories and the succeeding section allows the filing of an answer by the garnishee. Before that point is reached, however, claimants of the property sequestered by the garnishment may interplead. Note this language, Section 525.090:

> "Any person claiming property, money, effects or credits attached in the hands of a garnishee, may interplead in the cause, as provided by law in attachment cases; but no judgment shall be rendered against the garnishee in whose hands the same may be, *until the interplea shall be determined.*" (Emphasis mine.)

And the following section contains this significant provision:

> "In all cases of interplea, costs may be adjudged for or against either party, *as in ordinary actions.*" (Emphasis mine.)

In like manner, Section 525.250 contains this important interpretation of the garnishment law:

> "In all cases between the plaintiff and garnishee, the parties may be adjudged to pay or recover costs, as in ordinary cases between plaintiff and defendant."

2. Similar provisions are made for garnishments in magistrate courts. The character of garnishments is well defined in 38 C.J.S., Garnishment, § 2, p. 202:

> "Garnishment * * * is a statutory proceeding. It is a special, sum-

mary, and inquisitorial proceeding, affording a harsh and extraordinary remedy. It is an anomaly; a statutory invention sui generis, with no affinity to any action known to the common law. *It closely approximates an action by plaintiff against the garnishee, and in some jurisdictions it is held to be such an action, especially where the purpose is to reach choses in action. It is an adversary proceeding between plaintiff and garnishee, or at least may develop into such a proceeding, and is largely governed by the rules applicable to actions generally. * * *, and whether it will be regarded as an action in any specific connection is a matter of statutory construction.*" (Emphasis mine.)

3. Adverting to the Missouri cases, the Supreme Court of Missouri, in Nacy v. Le Page, 341 Mo. 1039, 111 S.W.2d 25, 114 A.L.R. 259, said:

"While a garnishment is not a new suit, it is a proceeding auxiliary to a judgment which may present fact issues to be tried as a suit at law."

The case of State ex rel. Auchincloss, Parker & Redpath v. Harris, 349 Mo. 190, 159 S.W.2d 799, does not militate against this interpretation. In that case the Supreme Court in a very able opinion said, 159 S.W.2d loc. cit. 805:

"Under our statutes, and generally elsewhere, the remedies of attachment, and garnishment in aid thereof, are purely ancillary to the main suit, and have nothing to do with the merits."

This, of course, was said in connection with an action to prohibit a court from exercising jurisdiction in a suit by a creditor to subject certain property to the satisfaction of his judgment. The court ordered a writ of prohibition, and what was said about the nature of garnishment was obiter dictum.

In Smith v. Bankers Life Ins. Co. of Neb., 170 S.W.2d 111, 112, the St. Louis Court of Appeals had before it a garnishment upon a judgment in favor of the plaintiff. The court said that:

"The sole question presented for our decision is whether, on the record before us, the court should be held to have committed error in sustaining the motion to quash the execution and summons to garnishee thereunder."

It was in that connection that the court, 170 S.W.2d loc. cit. 114, said:

"* * * a garnishment proceeding, whatever the purpose to be served, is only ancillary to the principal action and can never exist as a separate and independent suit."

The court then cited the case of State ex rel. Auchincloss, Parker & Redpath v. Harris, supra.

Noting the federal cases, this court held, in Klopf Sales Co. v. Klopf, D.C., 74 F. Supp. 821, loc. cit. 822, as follows:

"The question, therefore, raised by the defendants' motion cannot be heard on such motion for the reason *that a garnishment is a civil proceeding or suit engrafted upon a writ of attachment and, while it is purely statutory, it is in many respects a distinct civil action, complete within itself.*" (Emphasis mine.)

The Court of Appeals, this Circuit, in the case of Stoll v. Hawkeye Casualty Co., 185 F.2d 96, 98, held to the same effect. In doing so, the court reviewed the authorities. The court even cited contrary opinions, but the preponderance of authorities was in favor of the court's view that such a proceeding is a civil action which falls within the ambit of the federal removal statute.

In the Stoll case, in defining the term "Suit," reference is made to an opinion by Chief Justice Marshall in Weston v. City Council of Charleston, 2 Pet. 449, 464, 7 L.Ed. 481, as follows:

"'The term is certainly a very comprehensive one, and is understood to apply to any proceeding in a court of justice, by which an individual pursues that remedy in a court of justice which the law affords him. The modes of proceeding may be various, but if a right is litigated between parties in a court of justice, the proceeding by

880

which the decision of the court is sought is a suit. * * *'"

An examination of the authorities, as well as the statutes, indicates that there are situations where garnishment only involves the sequestration of property and does not produce a controversy with the garnishee, and on the other hand there are situations, as in this case, where there is a real dispute, and the statutes of Missouri are broad enough to comprehend either situation. In the latter condition, it becomes a plenary action in so far as removal is concerned.

It would follow from the above that the motion to remand should be overruled, and it will be so ordered.