Mr. Wm. Kenneth Carnes, Director Department of Public Safety P. O. Box 749 Jefferson City, Missouri 65101
Dear Mr. Carnes:
This is in response to the request by your predecessor for an opinion of this office on the following question:
 "Whether the Adjutant General may reimburse the United States Government for the value of military property, lost damaged or destroyed, from appropriated funds (MO) available to the Adjutant General, or whether such reimbursement requires a specific appropriation by the General Assembly?"
The answer to your question necessitates, as a preliminary matter, an analysis of the legal relationship which exists between the United States Government and the Adjutant General of Missouri with respect to the military property issued to the Missouri National Guard. We assume that any military property to which you refer is property contemplated by 32 U.S.C. § 710
and National Guard Regulation 735-11, paragraph 1-11. We furthermore assume that the Adjutant General of Missouri has acknowledged receipt of all military property issued to the Missouri National Guard by the United States Government pursuant to the provisions in Title 32 of the United States Code which provides the conditions upon which the property is issued. Therefore, we assume that the Missouri National Guard, through the Adjutant General of Missouri, has received the property with the knowledge of the conditions upon which it was issued and thus is contractually bound with the United States Government to account for that property pursuant to 32 U.S.C. § 710 and National Guard Regulation 735-11.
The law in this state has recognized the principle that when a state enters into a validly authorized contract it binds itself to the performance of that contract just as any private citizen would do by so contracting and cannot invoke any privilege of sovereign immunity. V. S. DiCarlo Construction Company,Incorporated v. State, 485 S.W.2d 52 (Mo. 1972). See also Section490.460, RSMo 1969. We believe, therefore, that the Missouri National Guard cannot be excused from the performance of any contractual obligations it has assumed simply because it is an arm of the state government. Accordingly, unless the state of Missouri can assert a valid defense under the law of contracts, it is bound to reimburse the United States Government for the value of military property under the terms and conditions upon which the property was received and acknowledged by the Adjutant General.
Your specific question dealing with the specificity of appropriations from which funds may be spent to reimburse the United States Government for this lost, damaged, or destroyed military property requires an analysis of the specific appropriations for the fiscal year for which such payments are to be made. In this regard, it is clear that every appropriation must specify distinctly the purpose for which moneys are to expended.State ex inf. Danforth v. Merrell, 530 S.W.2d 209 (Mo.Banc 1975). The Missouri General Assembly has a duty to fix the purpose for each appropriation and moneys cannot be paid out except as for the purpose fixed. Article IV, Sections 23 and 28, Constitution of Missouri; Nacy v. Le Page, 111 S.W.2d 25, 26 (Mo. 1937);State ex rel. Cason v. Bond, 495 S.W.2d 385 (Mo.Banc 1973).
We believe that an appropriation to reimburse the United States Government for the value of military property lost, damaged, or destroyed must be specific to the extent that there is a clear legislative intent seen in the appropriation legislation which identifies the appropriated funds for the purpose of reimbursement to the United States Government for such property.
It is our view that the Adjutant General may reimburse the United States Government for the value of military property received by the state of Missouri under 32 U.S.C. § 710 and which is lost, damaged, or destroyed if there is an appropriation which provides for payment to the federal government for military property lost, damaged, or destroyed.
Yours very truly,
 JOHN ASHCROFT Attorney General