**STATE of Ohio, Respondent,**

v.

**MISSOURI STATE TREASURER, Appellant.**

No. ED 83267.

Missouri Court of Appeals, Eastern District, Division Three.

March 30, 2004.

Jeremiah W. (Jay) Nixon, Atty. Gen., Christie A. Kincannon, Jefferson City, MO, for appellant.

Richard P. Dorsey, St. Charles, MO, for respondent.

CLIFFORD H. AHRENS, Presiding Judge.

Nancy Farmer, the Missouri State Treasurer ("Treasurer") appeals the judgment of the trial court denying her motion to quash a garnishment filed by the State of Ohio ("Ohio") on an unclaimed property account held by Treasurer as custodian of unclaimed property in Missouri under Chapter 447 RSMo 2000.[1] Treasurer contends that the trial court erred in denying her motion to quash the garnishment because the State of Missouri has sovereign immunity to garnishment actions. Treasurer also asserts that the trial court erred in denying her motion to quash the garnishment because Ohio did not pursue the procedures available to it under Chapter 447 to claim property held by her as custodian of unclaimed property, and cannot use garnishment to avoid the requirements of Chapter 447. We reverse and remand.

---

1. Unless noted otherwise, all further statutory citations are to RSMo 2000.

2. Treasurer initially filed an appeal that was dismissed on July 2, 2003. Subsequently Treasurer filed another appeal on August 1,

On November 24, 1998, the Court of Common Pleas of Logan County, Ohio, entered a default judgment against Nelson R. Fultz ("debtor") in favor of Ohio in the amount of $180,000, which represented the principal of a charitable trust, "together with all accrued but undistributed income thereon." Thereafter on September 13, 1999, Ohio petitioned to register this judgment in the Circuit Court of Cape Girardeau County, Missouri as a foreign judgment. The notice of registration was entered that same day.

On November 15, 2002, Ohio filed an Execution/Garnishment Application seeking to execute on an unclaimed property account held by Treasurer. Treasurer filed a motion to quash execution/garnishment, asserting that her office is protected from garnishment by sovereign immunity. Treasurer also contended that if sovereign immunity were inapplicable, the garnishment should still be quashed because that action is not permissible against the State of Missouri because funds held by the Treasurer can only be released by appropriation. Treasurer further argued that Ohio lacked standing because only the debtor as the claimant of the unclaimed property had the authority to pursue such an action pursuant to Chapter 447. Treasurer concluded by arguing that even if Ohio had standing to act for debtor, Ohio failed to follow the procedures set forth in Chapter 447 to claim the assets held by Treasurer.

On January 13, 2003, the Circuit Court held a hearing on the motion to quash and denied it. This appeal followed.[2]

Our standard of review is governed by *Murphy v. Carron*, 536 S.W.2d 30 (Mo.

2003, and eventually paid the money from the unclaimed property account purportedly belonging to debtor into the trial court registry, thereby giving this Court jurisdiction.

banc 1976). We will uphold the judgment or decree of the trial court unless there is no substantial evidence to support it, it is against the weight of the evidence, it erroneously declares the law, or it erroneously applies the law. *Id.* at 32.

In her first point on appeal, Treasurer contends that the trial court erred in not quashing the garnishment against her because her office is protected from such suits by the doctrine of sovereign immunity. We agree.

The sovereign's right to immunity from suit has long been recognized in Missouri. *Beatty v. Metropolitan St. Louis Sewer District,* 914 S.W.2d 791, 796 (Mo. banc 1995). Sovereign tort immunity was abolished by the Missouri Supreme Court in *Jones v. State Highway Commission,* 557 S.W.2d 225 (Mo. banc 1977). The legislature reestablished sovereign tort immunity as it existed prior to September 12, 1977 with specific exceptions, by enacting sections 537.600 and 537.610 RSMo 1978.[3] *Fort Zumwalt School Dist. v. State,* 896 S.W.2d 918, 923 (Mo. banc 1995). The Missouri Supreme Court did not abolish sovereign immunity wholesale in *Jones,* but rather acknowledged the more general rule of sovereign immunity from suit, which was not abolished in *Jones. Id.* There are statutory exceptions to the general rule of sovereign immunity. *See* sections 104.530, 213.010(7), 213.055, 537.600 and 537.610. However, statutory provisions that waive sovereign immunity are to be strictly construed. *State ex rel. Missouri Highway and Transportation Commission v. Dierker,* 961 S.W.2d 58, 61 (Mo. banc 1998).

There is no statutory provision in Chapter 525 or elsewhere waiving the sovereign immunity of the Treasurer for garnishments.[4] The rule stated in *Nacy v. Le Page,* 341 Mo. 1039, 111 S.W.2d 25, 25–26 (1937) is still good, namely that the Treasurer does not have to submit to notice or writ of garnishment because "the state can only be sued in such matters and in such manner as it shall specifically consent to be sued." The Court in *Nacy* additionally noted in dicta that the state treasurer at that time "in his official capacity and in the funds of the state treasury" had no assets of any private citizen in his custody. *Id.* This is no longer true today due to the Uniform Disposition of Unclaimed Property Act, sections 447.500 to 447.595, which made Treasurer the custodian of unclaimed property in Missouri. However, this does not alter the principle stated by the Court in *Nacy* that the State of Missouri can only be sued in such matters and in such a manner as it specifically consents.

Ohio makes the argument that *Nacy* is not applicable because the Treasurer is not holding state funds in this case, but rather is the custodian of private monies. This is irrelevant to the basic principle set forth in *Nacy* that the State of Missouri can only be sued in those cases and in the manner that it specifically consents to be sued. Ohio further contends that because Treasurer is the custodian of private monies and not state funds when acting as the custodian of unclaimed prop-

---

3. That section has subsequently been amended in 1985 and 1989, clarifying certain issues not directly addressed by the original legislative enactment.

4. Section 525.310 provides that the compensation of state and municipal employees is subject to a writ of sequestration. A writ of sequestration is not the same thing as a notice of garnishment, although the effects are similar, and cannot be used interchangeably. *See* sections 525.030.2 to 525.030.5.

erty pursuant to Chapter 447, Treasurer is not exercising a governmental function, but rather a proprietary one, and accordingly is not protected by sovereign immunity. Ohio cites *Johnson v. Bi–State Development Agency,* 793 S.W.2d 864, 866–67 (Mo. banc 1990), apparently relying on the language stating that "[a] public entity is deprived of immunity when performing proprietary functions." The cases cited by the Missouri Supreme Court in support of that proposition in *Bi–State Development* refer only to municipal corporations when making the governmental/proprietary distinction. *Beiser v. Parkway School Dist.,* 589 S.W.2d 277, 280 (Mo. banc 1979); *St. Joseph Light & Power Company v. Kaw Valley Tunneling, Inc.,* 589 S.W.2d 260, 267 (Mo. banc 1979). *Beiser* and *St. Joseph Power* both drew a distinction between municipal corporations and "arms of the state" such as a school district and a sewer district. Also, *Bi–State Development, Beiser,* and *St. Joseph Power* all involved sovereign tort immunity, not sovereign immunity in general. It is worth noting that section 537.600.2 abolished the distinction between governmental and proprietary functions for the express waiver of sovereign tort immunity by sections 537.600.1(1–2). In addition, the Missouri Supreme Court in *Bi–State Development* specifically stated that sovereign tort immunity in that case was statutorily waived by sections 537.600.3 *et seq. Bi–State Development,* 793 S.W.2d at 866–67. Those statutory provisions specifically state that "public entity," which is the term used in *Bi–State Development,* as used in section 537.600 includes "any multi-state compact agency" and that there is no sovereign immunity for multi-state compact agencies involved in the operation of public transit operating pursuant to sections 70.370 to 70.440 and 238.030 to 238.110. There is no such clear statutory waiver to sovereign immunity from garnishment in this case, and this is not a case involving sovereign tort immunity.

In contrast to the dubious proposition set forth by Ohio, several opinions of the Missouri Supreme Court state that the governmental/proprietary distinction applies to municipal corporations only and not to the State of Missouri. *See Jungerman v. City of Raytown,* 925 S.W.2d 202, 204 (Mo. banc 1996); *Wollard v. City of Kansas City,* 831 S.W.2d 200, 203–05 (Mo. banc 1992); *State ex rel. Trimble v. Ryan,* 745 S.W.2d 672, 673–74 (Mo. banc 1988); *State ex rel. Missouri Department of Agriculture v. McHenry,* 687 S.W.2d 178, 181–82 (Mo. banc 1985). In *McHenry,* 687 S.W.2d at 181–82, the Court plainly stated "The proprietary-governmental dichotomy applies only in the law of municipal corporations, and not to activities of the state." Whether or not the Treasurer is engaging in a proprietary function or a governmental one when acting as custodian for unclaimed property pursuant to Chapter 447 is meaningless as regards sovereign immunity. Point sustained.

Treasurer argues in her second point on appeal that the trial court erred in not quashing the garnishment because if Ohio is entitled to the assets at issue, Ohio must follow the administrative procedure provided for in Chapter 447 to claim assets held by the Unclaimed Property Division of Treasurer's office. Treasurer asserts that the Chapter 447 administrative procedure is the only remedy available to a judgment creditor to make a claim to monies held in the unclaimed property fund by Treasurer. Treasurer conceded at oral argument that Chapter 447 was effectively a limited waiver of the State of Missouri's sovereign immunity and that Ohio could file a claim as an owner under Chapter 447 for the unclaimed property allegedly be-

longing to debtor.[5] In view of our holding on Treasurer's first point on appeal, we need not address her second point, save to note that from the record before this Court, it appears that Ohio has not filed a claim pursuant to Chapter 447. Accordingly, we express no opinion as to the merits of any such claim.

The judgment of the trial court is reversed and remanded with instructions to quash the garnishment.

WILLIAM H. CRANDALL, JR., J., and LAWRENCE E. MOONEY, J., concur.

[5]. Treasurer further acknowledged that Ohio's foreign judgment against debtor, if properly certified, would probably meet the burden of proof for a claimant to prove ownership of unclaimed property, provided that Ohio could also meet the burden of proving that the unclaimed property at issue belonged to debtor.